237 So.2d 69 (1970)
STATE of Florida, Appellant,
v.
Wardell Robert WILLIAMS, Appellee.
No. 69-145.
District Court of Appeal of Florida, Second District.
June 10, 1970.
Earl Faircloth, Atty. Gen., Tallahassee; William D. Roth, Asst. Atty. Gen., Lakeland, for appellant.
Jerome Pratt, Palmetto, for appellee.
LILES, Judge.
Appellee plead nolo contendere to a charge of manslaughter. The trial judge placed him on twenty years probation. The conditions of such probation were that he pay to the fine and forfeiture fund of the county three thousand dollars within three years and report each year to spend sixty days in jail, beginning November 1st of each year. The state has appealed pursuant to the authority of Fla. Stat. § 924.07(5), F.S.A., and assigned the conditions of probation as error.
*70 In order to evaluate properly the unorthodox conditions attached to the order of probation by the trial judge, a distinction must be made between suspension of the imposition of sentence (or suspension of the pronouncement of sentence) by the court and pronouncement of sentence and suspension of its execution. The history of this delineation has been throughly examined in an article by Professor Clark[1] and in case of Bateh v. State, Fla. App. 1958, 101 So.2d 869, 870-872. These sources make it quite clear and probation is concerned only with suspension of the imposition or pronouncement of sentence. Moreover, in order that one placed on probation will not necessarily be deprived of certain civil liberties that are withdrawn following conviction of a felony, Fla. Stat. § 948.01(1), F.S.A. allows a court to hear and determine the question of probation either with or without an adjudication of the guilt of the defendant. See also CrPR 1.790, 33 F.S.A. Thus there is a clear distinction between a sentence on the one hand, which must be preceded by an adjudication of guilt, and conditions of probation on the other hand, which can be imposed independently of an adjudication of guilt and imposition or pronouncement of sentence.
Appellant urges that this "sentence" be reversed on the authority of Ex parte Bosso, Fla. 1949, 41 So.2d 322. We disagree. First, we are not concerned in this appeal with a sentence but with conditions of probation. Since Fla. Stat. § 782.07, F.S.A. states that one guilty of manslaughter
"[S]hall be punished by imprisonment in the state prison not exceeding twenty years, or imprisonment in the county jail not exceeding one year, or by fine not exceeding five thousand dollars," (emphasis added),
one would hardly expect the state to be the party appealing an order sentencing one pleading nolo contendere to manslaughter to payment of a fine and imprisonment. Secondly, Bosso is not applicable to the unique facts presented in this appeal. That case held, and quite correctly, that when a crime is punishable by fine or imprisonment but not both, a court cannot sentence one convicted of that crime to payment of the fine and additionally place him on probation. The court reasoned that if the person so convicted were to violate the conditions of parole, the court would be powerless to punish him further, for to do so would be to inflict two punishments for the same offense. More generally, the court expressed disapproval of such "piecemeal punishments." However, in the instant case, sentence was neither pronounced nor imposed on the appellee, for the fine and intermittent incarceration, though highly unusual, were both imposed as conditions of probation. Fla. Stat. § 948.011, F.S.A. is inapplicable for the same reason, as it is concerned only with combining a sentence of a fine with probation where a sentence of both a fine and imprisonment may be imposed. Finally, since the instant case is not concerned with a combination of sentencing and probation for the same offense, the court's disapproval in Bosso of "piecemeal punishments" is not applicable.
As we have stated before, payment of a fine and intermittent imprisonment are usually not thought of as conditions of probation. However, Fla. Stat. § 948.03(2), F.S.A. is sufficiently broad to allow imposition of such conditions. Also, cf., United States ex rel. Spellman v. Murphy, 7th Cir.1954, 217 F.2d 247; State v. Bassett, 1963, 86 Idaho 277, 385 P.2d 246; State v. Brown, 1960, 253 N.C. 195, 116 S.E.2d 349; Note, Judicial Review of Probation Conditions, 1967 Colo.L.Rev. 181 at 184 and 120-23.
Since it is apparent for the foregoing reasons that the state is not appealing from a sentence the appeal must be dismissed. *71 Fla. Stat. § 924.07(5), F.S.A. provides for appeal by the state from sentences, not conditions of probation. It is also clear from the foregoing that the conditions of probation imposed by the trial court do not constitute a deviation from the essential requirements of law that would justify treating the appeal as a petition for certiorari.
Appeal dismissed.
MANN, J., concurs.
HOBSON, C.J., dissents.
NOTES
[1] Clark, Probation in the Criminal Courts of Florida, 1961, 14 U.Fla.L.Rev. 213, 218.