302 So.2d 430 (1974)
Grace P. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 74-149.
District Court of Appeal of Florida, Fourth District.
October 31, 1974.
*431 Richard L. Jorandby, Public Defender, and Richard S. Power, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This case involves the question whether a period of incarceration may be made a condition of a term of probation.
Appellant was found guilty of a felony. The court adjudicated her guilty and imposed a sentence of five years probation. One of the conditions of probation was that appellant serve the first year in the county jail. Appellant assigns the imposition of that condition as error.
While the requirements that the probationer spend some time in jail or pay a fine are not usually thought of as conditions of probation, § 948.03(2), F.S., has been held to be sufficiently broad to allow the imposition of such conditions. State v. Williams, Fla.App. 1970, 237 So.2d 69; Lewis v. State, Fla.App. 1974, 298 So.2d 540. Accordingly, the appellant's point on appeal is not well taken.
Although neither party has questioned it on appeal, we note that the method by which the court attempted to enter its order of probation was fundamentally erroneous. Appellant was found guilty, adjudicated guilty, and sentenced to five years probation. But there is no provision in the law authorizing the court to sentence a defendant to probation.
Probation is a creature of statute and the courts are limited to the authority afforded thereby. Chapter 948, F.S., authorizes the court in noncapital cases to determine whether a defendant should be placed on probation. If the court determines the defendant is a good candidate for probation the court may either adjudge him guilty or withhold such adjudication and in either case stay and withhold the imposition of sentence upon the defendant and place him on probation under the supervision of the Probation and Parole Commission. If incarceration is prescribed, the court may direct the defendant be placed on probation upon completion of any specified period of such sentence. But *432 in doing so, the court must stay and withhold the imposition of a part of such sentence.[1]
Thus, it can be seen the legislature has authorized the courts to sentence a defendant within the confines of the penalties provided by law or withhold sentence and place him on probation. Bateh v. State, Fla.App. 1958, 101 So.2d 869. The only deviation from those alternatives is that authorized by § 948.01(4), F.S., enabling the court to sentence a defendant to imprisonment for a specified period, withhold a portion of the sentence of imprisonment, and place the defendant on probation for a specified term. There is no authority for an adjudication of guilt and a sentence to straight probation. As the court in State v. Williams, supra, stated after reviewing several authorities: "These sources make it quite clear [that] probation is concerned only with suspension of the imposition or pronouncement of sentence."
If a defendant could be sentenced to probation, there would be no judicial recourse in the event the defendant violated his probation. Because the court has already passed sentence, there would be no lawful basis for the imposition of punishment for the violation of the conditions of probation. However, as Chapter 948 envisions, when a sentence or a portion thereof is withheld, there would be a lawful basis for the imposition of punishment for the violation of a condition of probation, namely, the withheld sentence. Accordingly we hold that a court may impose a sentence (i.e., impose the sanctions of imprisonment or fine) upon a defendant found guilty of an offense, or it may withhold sentence in whole or in part and place the defendant on probation. However it cannot sentence a defendant to probation since the withholding of sentence or a portion thereof is an indispensable prerequisite to the entry of an order placing a defendant on probation. State v. Williams, supra; Lewis v. State, supra.[2]
We therefore vacate the sentence imposed by the trial court and remand this cause with directions to either sentence the appellant or place her on probation with such conditions as the court may deem appropriate. We reiterate that incarceration as a condition of probation is lawful.
Sentence vacated and cause remanded with directions.
OWEN, C.J., and CROSS, J., concur.
NOTES
[1] Section 948.01(4), F.S., as amended by Chapter 74-112, Laws of Florida, effective July 1, 1974, grants the judiciary the explicit power to withhold part of a sentence and direct that a defendant be placed on probation "after serving such period as may be imposed by the court."
[2] Of course as we indicated in footnote 1, the legislature has explicitly authorized the court to enter a sentence for a term of years, withhold a part thereof, and place the defendant on a period of probation to begin at the end of the portion of the term withheld.