304 So.2d 139 (1974)
STATE of Florida, Appellant,
v.
Robert CAIVANO, Appellee.
No. 74-274.
District Court of Appeal of Florida, Second District.
November 8, 1974.
Rehearing Denied December 13, 1974.
*140 Joseph P. D'Alessandro, State's Atty., and Louis S. St. Laurent and Xavier J. Fernandez, Asst. State's Attys., Fort Myers, for appellant.
Archie Odom, Punta Gorda, and Varon, Stahl & Kay, Hollywood, for appellee.
HOBSON, Judge.
The State attempts to appeal from an order withholding sentence and placing appellee Caivano on probation. No provision has been made for appeal by the State from an order granting probation. See Rule 6.3 FAR; §§ 924.07 and 924.071 F.S.; State v. Williams, Fla.App.2d 1970, 237 So.2d 69. However, this court may treat the appeal as a petition for a writ of common law certiorari if the court departed from the essential requirements of law. State v. Smith, Fla.App.1st 1971, 254 So.2d 402; State v. Smith, Fla. 1972, 260 So.2d 489; Cf. Williams, supra.
After Caivano had been convicted of possession of cocaine and sale of the same cocaine, and sentenced to three years imprisonment for each conviction, he appealed the judgment and sentences to this court. This court affirmed the judgment but vacated both sentences because "only one sentence should have been imposed and that for the highest offense charged." The cause was remanded with directions that Caivano be presented to the trial court and properly sentenced "in accordance herewith." Caivano v. State, 276 So.2d 245. Upon remand the lower court, instead of imposing a sentence for the highest offense charged, placed Caivano on probation for three years.
There is a clear distinction between a sentence and conditions of probation. Williams, supra. Rule 3.700 RCrP defines sentence as "the pronouncement by the Court of the penalty imposed upon a defendant for the offense of which he has been adjudged guilty." Rule 3.790 RCrP provides in part:
"Pronouncement and imposition of sentence of imprisonment shall not be made upon a defendant who is to be placed on probation regardless of whether such defendant has or has not been adjudicated guilty."
In withholding imposition of sentence the lower court altered the mandate of this court to sentence Caivano for the highest offense charged.
Certiorari is granted and the order of the trial court placing Caivano on probation is quashed. This cause is remanded with directions that the trial court properly sentence Caivano in accordance with our mandate of October 25, 1973.
McNULTY, C.J., and BOARDMAN, J., concur.

*141 ON PETITION FOR REHEARING
PER CURIAM.
Caivano contends that this court failed to take into consideration his motion for mitigation of sentence.
After this court had vacated the sentences originally imposed, and the Supreme Court of Florida had denied certiorari, our mandate went down to the trial court on October 25, 1973. On November 26, 1973, Caivano filed his motion for mitigation of sentence. See Rule 3.800. RCrP. This motion was filed prior to the resentencing in accordance with our mandate. At that time there was no "legal sentence imposed" which could be reduced, since the original sentences had been vacated. The motion was therefore prematurely filed.
Appellee's petition for rehearing is hereby denied.
Denied.
McNULTY, C.J., and HOBSON and BOARDMAN, JJ., concur.