PER CURIAM.
Appellant/defendant was charged with uttering a forged instrument and entered a not guilty plea at the arraignment hearing. On March 13, 1973, appellant entered a guilty plea to the said charge pursuant to plea bargain entered into with the state. The trial court determined that such plea was freely and voluntarily made, accepted the plea and ordered a presentence investigation. On April 2, 1973, the trial judge adjudged appellant guilty and sentenced him to three years probation, with a special condition of probation that appellant serve six months in jail. According to the record, appellant was released from the county jail in October of 1973. On January 23, 1974, appellant’s probation supervisor filed an affidavit alleging appellant had been arrested for breaking and entering a residence. On January 25, 1974, a revocation of probation hearing was timely held and, pursuant to plea bargain with the state, appellant entered a plea of guilty to violation of probation. The state then agreed not to file two additional charges against appellant as part of the plea bargain. The trial judge accepted the plea and sentenced appellant to the unexpired time of the original probation with a special condition that he spend one year in the county jail on the Work Release Program.
Appellant is contending that the trial court erred in accepting his guilty plea on January 25, 1974, at the revocation hearing, without first determining that there was a full understanding of the significance of the guilty plea and its volun-tariness and that there was a factual basis for the plea. After reviewing the record we are unable to agree with appellant on this point. We were faced with a similar situation in Washington v. State, Fla.App.2nd, 1973, 284 So.2d 236. We view the law of the cited case as applicable to this instant case. It is pointed out that appellant secured a very favorable plea bargain which, inter alia, resulted in the additional charges not being pursued by the state.
Appellant’s second point on appeal deals with the issue of whether the court erred in modifying the terms of appellant’s probation by imposition of the special condition that appellant be incarcerated for one year in the county jail on the Work Release Program. Appellant contends that said condition of probation was void as contrary to Florida Statutes, Section 948.-01. We do not agree and hold that the case of State v. Williams, Fla.App.2nd, 1970, 237 So.2d 69, decided by this court is applicable. See, also, Lewis v. State, Fla.App.4th, 1974, 298 So.2d 540. As we stated in State v. Williams, supra, “ . we are not concerned in this appeal with a sentence but with conditions of probation. . . ."
We have considered appellant’s other point and find that it is without merit.
Accordingly, we
Affirm.
McNULTY, C. J., and BOARDMAN and GRIMES, JJ., concur.