307 So.2d 489 (1975)
James Allen HULTS, Appellant,
v.
STATE of Florida, Appellee.
No. 74-986.
District Court of Appeal of Florida, Second District.
January 31, 1975.
Rehearing Denied February 25, 1975.
James A. Gardner, Public Defender, Sarasota, Harold H. Moore, Asst. Public Defender, Bradenton, and Tania Ostapoff, Student Asst., Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant, James Allen Hults, was charged with the offense of breaking and *490 entering a building with intent to commit a misdemeanor contrary to the applicable Florida Statute. Subsequently, he pled guilty as charged. Appellant makes no attack on the validity of his guilty plea or the judgment entered thereon. In due course, the trial judge sentenced appellant to 18 months in the state penitentiary, with credit for time served, followed by 3 years probation. Thereafter, approximately ten days after he was sentenced, appellant filed a petition for reconsideration of the sentence. At this hearing appellant, through his attorney, contended that the probation portion of the said sentence was in violation of Florida Statutes, Section 948.01(4), effective July 1, 1974, Laws of Florida, Chapter 74-112, p. 342, and, therefore, void. The trial judge agreed with appellant's counsel and offered to impose a five-year sentence, staying three and one half years, and placing appellant on probation during that period of time. Appellant objected and raised the question of whether any sentence greater than the original 18-month term of imprisonment could be imposed. Whereupon, the trial court denied appellant's petition for reconsideration of sentence and appellant timely appealed.
The sole issue for our consideration is whether the sentence placing appellant on probation after completion of a prison term without staying any portion of the prison term is illegal and void. We think it is.
Appellant contends, and we agree, that his position is supported by Florida Statutes, Section 948.01(4), supra:
Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may at the time of sentencing direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court.
The trial judge, in our view, clearly did not comply with the provisions of the above statute. Therefore, we have no alternative but to find that the sentence imposed was illegal and void. In view of the posture of the proceedings held in the trial court, as reflected by the record, the cause is remanded to the trial judge to resentence appellant in open court in compliance with the provisions of the statute, supra, and consistent with the ruling of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
The trial judge may correctly sentence appellant as it appears he originally intended to do, by imposing a four and one half-year sentence in the state penitentiary, staying three years of that sentence and placing appellant on probation for a period of three years after his confinement for eighteen months. On the other hand, the trial judge may place appellant on probation for a period of four and one half years with a special condition of that probation being that appellant serve eighteen months in the state prison.
Reversed and remanded for entry of appropriate sentence.
GRIMES, J., concurs.
McNULTY, C.J., concurs specially with opinion.
McNULTY, Chief Judge (concurring specially).
I can agree with the conclusion of the majority and with their observation that under the facts herein, and under the provisions of the aforesaid § 948.01(4), F.S. 1974, the trial court may impose no more than four and one-half years imprisonment in the state penitentiary, suspend three years of it and substitute a like period of probation therefor. However, I have never agreed in principle with this court's rationale *491 in State v. Williams (Fla.App.2d, 1970), 237 So.2d 69, wherein a "condition" of an imposed period of probation was that the defendant serve prescribed periods of imprisonment. In some cases there may be a distinction without a difference and this may be one of them; but this is my first opportunity to express my opposition to Williams, supra, and I feel constrained to take advantage of it. Henceforth I shall likely grit my teeth and yield to stare decisis unless two of my brethren succeed in dissuading me).