308 So.2d 565 (1975)
Warren A. IVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 74-856.
District Court of Appeal of Florida, Second District.
February 26, 1975.
Rehearing Denied March 20, 1975.
*566 James A. Gardner, Public Defender, Sarasota, Harold H. Moore, Asst. Public Defender, and Steven H. Denman, Legal Intern, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
This is an appeal from an order of the lower court revoking the appellant's probation.
The appellant, Warren Ivey, pled guilty to breaking and entering with intent to commit a felony. The court withheld adjudication of guilt and imposition of sentence and placed the appellant on probation for a period of two years with the usual general conditions of probation supplemented by a special condition that the appellant spend the first six months of his probation in the county jail. After spending the required time in jail, the appellant was released but while still on probation he was arrested and charged with possession of heroin and possession of narcotic paraphernalia. On June 18, 1974, shortly after being charged with the narcotics offenses, an affidavit of violation of probation was issued. After a hearing where appellant was represented by private counsel, the court found the appellant violated the terms of his probation and on July 15, 1974, entered an order of revocation of probation. At the same time the court adjudged the appellant guilty of the prior charge of breaking and entering with intent to commit a felony and sentenced him to prison for three years with credit for time served in the county jail after being charged with the new offenses.
By this appeal the appellant raises three points:
(1) The evidence was insufficient to justify the court's findings that appellant had violated the conditions of his probation.
(2) The probation revocation is void because it was entered pursuant to a jail sentence followed by probation and is thereby contrary to F.S. § 948.01(4).
(3) The trial court erred in denying appellant credit for the six months period he spent in the county jail as one of the conditions of his probation.
While some of the appellant's objections to the evidence received by the trial court may have merit in the context *567 of a criminal trial, e.g., the requirement for proof of the corpus delicti prior to receipt of evidence of the appellant's admissions; nevertheless a revocation hearing is not required to follow the strict rules of evidence which would prevail at an adversary criminal trial, and as long as the court is satisfied from the greater weight of evidence as to any material facts that are contested that a substantial violation of the conditions of probation has occurred then the court is justified in revoking the probation. Singletary v. State, Fla.App.4th 1974, 290 So.2d 116. Here a careful review of the evidence convinces us the trial court was justified in finding the appellant violated conditions of his probation.
This court has previously disposed of the appellant's second contention. See Suggs v. State, Fla.App.2d 1974, 304 So.2d 463; Hults v. State, Fla.App., 307 So.2d 489, opinion filed January 31, 1975.
Finally, we cannot agree with appellant's argument on his last point. Specifically, the appellant argues that in view of Fla. Stat. § 921.161(1) which requires: "... the court imposing a sentence shall allow a defendant credit for all the time he has spent in the county jail before sentence ...", that we must direct the lower court to award the appellant a six months credit for time spent in the county jail as a condition of his probation. Fla. Stat. § 948.06(2) provides:
"No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve."
Since the six months period of time spent in jail by appellant was a valid condition of his probation, Suggs v. State, supra, the trial court was not obliged to give credit for such period.[1]
Accordingly, the judgment and sentence of the lower court is affirmed.
BOARDMAN, Acting C.J., and GRIMES, J., concur.
NOTES
[1] We note the lower court sentenced the appellant for only three years while the court could have legally imposed a maximum of 15 years sentence for the crime of breaking and entering, F.S. §§ 810.02 and 775.082(4)(c).