327 So.2d 219 (1976)
Warren Allison IVEY, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 47249.
Supreme Court of Florida.
February 11, 1976.
Jack O. Johnson, Public Defender, and Steven H. Denman and Harold H. Moore, Asst. Public Defenders, for petitioner.
Robert L. Shevin, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., for respondent.
OVERTON, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the Second District Court of Appeal reported at 308 So.2d 565 (Fla.App.2nd, 1975). In it the District Court considered whether six months' time petitioner had spent in county jail as a special condition of a two-year probationary sentence should be credited to a jail sentence later imposed by the trial court following revocation of that probation. The probation was revoked for a violation of its terms, and a three-year jail sentence imposed. The District Court held Section 948.06(2), Florida Statutes (1973), to be controlling, and refused to credit the six months' county jail time toward petitioner's newly imposed jail sentence.
The District Court decision is in conflict with our recent decision in State v. Jones, 327 So.2d 18 (Fla. 1976).[1]
The petition for writ of certiorari is granted. We dispense with oral argument. So much of the decision of the District Court that denies crediting the county jail time is quashed, and the cause is remanded with directions to credit petitioner with the time he served in the county jail as a special condition to the initial probation sentence. State v. Jones, supra; see North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In all other respects the decision is affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD and ENGLAND, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1972).