PER CURIAM.
Appellant-defendant, Eddie C. Smith, was charged with breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny, by information filed in the Circuit Court for Orange County, Florida. Defendant entered a plea of guilty to the offense charged in the information. The trial court adjudged the defendant guilty and placed him on probation for a period of five years. As a condition to said probation, defendant was required to serve fifty-one weeks in the Orange County Correctional Facility.
After defendant was released from the Orange County Correctional Facility, an affidavit was filed alleging that defendant violated various conditions of his probation. Defendant pled guilty to each violation of probation alleged in the affidavit. The trial court entered an order revoking defendant’s probation and sentenced defendant to five years in prison with no credit for the time served as a condition of his probation. Defendant appeals.
The defendant here contends that the trial court erred in failing to credit the time served as a condition of his probation toward the five year sentence imposed by the trial court following revocation of defendant’s probation. We must agree. The Florida Supreme Court has clearly indicated that upon revocation of probation and incarceration a defendant must be given credit for any time spent in jail as a condition of the probation. State v. Jones (Fla.1976), 327 So.2d 18; Ivey v. State (Fla. 1976), 327 So.2d 219.
Accordingly, the sentence imposed upon the defendant’ is set aside and the cause is remanded to the trial court for imposition of a proper sentence.
Sentence vacated and cause remanded.
CROSS, MAGER and DOWNEY, JJ., concur.