SCHEB, Judge.
Petitioner/State challenges an order directing it to reimburse a defendant’s attorney under RCrP 3.190(j)(3) for expenses of travel and subsistence for attendance at the taking of a deposition designed to perpetuate testimony. Specifically, the issue here is whether the respondent’s attorney has this entitlement where after the State moved to perpetuate the testimony of a potential witness, it informed defense counsel that it abandoned its desire to depose the witness.
A criminal case pending against respondent/John Patrick McNally was set for trial on August 12, 1975, in Lee Coun *335 ty. The State had moved to perpetuate the testimony of Dr. Barnard, a potential witness, residing in Gainesville. Four days prior to the scheduled trial, this court stayed the trial pending determination of the State’s petition for a writ of certiorari. Counsel representing the petitioner and the respondent were each in Lakeland at this court, and once the trial was stayed, petitioner then and there informed the respondent’s counsel that the State no longer desired to take the scheduled deposition. Respondent’s counsel, however, announced he would, nevertheless, proceed as scheduled. Having been so informed, counsel for the petitioner likewise proceeded to Gainesville where Dr. Barnard’s deposition was taken as originally scheduled.
Respondent s counsel moved for ' reimbursement, pursuant to RCrP 3.190(j)(3), for meals, travel, out of office expense, and court reporter’s expenses. The trial judge, upon hearing, ordered the Office of the State Attorney of the Twentieth Judicial Circuit to “pay from the proper fund . . . $100 to . attorney for the defendant” as reimbursement for travel and meals. While we find no authority for the petitioner’s direct appeal, we accept it as a petition for a writ of certiorari[1] and hold that the trial judge, in directing reimbursement, departed from the essential requirements of the law.
Respondent’s counsel admits that he and petitioner’s counsel proceeded to Gaines-ville and took the deposition at his insistence. He contends, however, this was justified inasmuch as he had made necessary plans to proceed and since both counsel had already traveled to Lakeland from Ft. Myers, it was reasonable to complete the deposition.
We cannot agree with the respondent. Counsel for the petitioner and the respondent arrived in Lakeland at this court pursuant to the petitioner’s motion to continue the trial. It cannot be said that this trip was occasioned by the petitioner’s motion to perpetuate Dr. Barnard’s testimony. The rule provides reimbursement for attendance at the deposition, but there is no liability upon the State to pay the respondent’s attorney for expenses of travel and subsistence here since the petitioner made that attendance unnecessary before any expenses were incurred by respondent.
Accordingly, certiorari is granted and the order entered is quashed.
HOBSON, A. C. J., and GRIMES, J., concur.

. State v. Caivano, Fla.App.2d 1974, 304 So.2d 139; State v. Smith, Fla.1972, 260 So.2d 489.