PER CURIAM.
Leo David Leieht pleaded no contest to sexual activity by a person in familial authority with a child between the ages of 12 and 18 years. The offense allegedly occurred with Mr. Leicht’s stepdaughter between January 1 and December 31, 1990. In exchange for his plea, the trial court placed Mr. Leieht on 2 years’ community control. Thereafter, the state filed an affidavit of violation of community control. After an evidentiary hearing, the trial court revoked Mr. Leicht’s community control and sentenced him to 7 years in prison.
The state proved, by the greater weight of the evidence, that Mr. Leieht willfully violated the terms of his community control. Ivey v. State, 308 So.2d 565 (Fla. 2d DCA 1975), quashed on other grounds, 327 So.2d 219 (Fla.1976). Accordingly, we affirm the revocation of community control.
We must reverse Mr. Leicht’s sentence because it was imposed pursuant to a guidelines scoresheet that incorrectly included 20 points for “contact but no penetration” under victim injury. Karchesky v. State, 591 So.2d 930 (Fla.1992). Because the subtraction of these points reduces Mr. Leicht’s permitted range to 2½ to 5½ years, we reverse his sentence and remand for resentencing pursuant to a corrected scoresheet.
We note that the record does not contain a written order revoking Mr. Leicht’s community control. On remand the trial court shall enter a written order of revocation of community control. Finally, the trial court shall correct the written judgment to reflect that Mr. Leieht pleaded no contest to a violation of section 794.041(2)(b), Florida Statutes (1989).
Affirmed in part, reversed in part, and remanded for resentencing and further proceedings consistent with this opinion. ■
ALTENBERND, A.C.J., and LAZZARA and QUINCE, JJ., concur.