289 So.2d 48 (1974)
Ronald KOHN, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1225.
District Court of Appeal of Florida, Third District.
January 22, 1974.
*49 Frates, Floyd, Pearson, Stewart, Proenza & Richman and Andrew C. Hall, Miami, Bernstein, Robrish & Harrington, Coconut Grove, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J. and CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellant was charged with possession of cocaine and possession of cannabis in an amount greater than five grams, both felonies. After plea bargaining negotiations had been conducted with the state, the appellant plead guilty to possession of cocaine, a felony, and possession of cannabis, as a misdemeanor. Following a presentence investigation, the trial court sentenced appellant to six months incarceration in the county jail followed by one year on probation.
Thereafter, appellant filed a motion to mitigate the sentence, which the trial judge denied. At the hearing on the motion to mitigate and prior to appellant's entry of his guilty plea, the trial judge clearly stated that he would not be bound by the state or police in imposing sentence. Now, appellant argues that the trial court erred by imposing a sentence more severe than contemplated by the state or the appellant. He contends that his guilty plea was induced by promises of the state that in consideration for appellant's cooperation with the police he would receive a sentence of probation only.
However, the record in this cause reflects that appellant's guilty plea was made voluntarily. Our Supreme Court in Costello v. State, Fla. 1972, 260 So.2d 198 anticipated situations such as is presented in this case as follows:
"Defendants who plead guilty and are given a stiffer sentence than they anticipated cannot automatically expect to receive another try at a lighter sentence. It is not enough for a defendant to argue that he was under an impression that a promise of a lesser penalty had been made by the judge or prosecutor. A reasonable basis for such an impression must be shown ..."
We do note, however, that the sentence in this case is not free from error. The point was not raised in the briefs, but *50 this court sua sponte, and in the interest of justice, may consider the legality of the sentence. Williams v. State, Fla.App. 1973, 280 So.2d 518; FAR 6.16, 32 F.S.A.
This court has held quite succinctly that a designated sentence to the county jail followed by a period of probation is not authorized by Fla. Stat. § 948.01(4), F.S.A. See Williams v. State, supra; Hutchins v. State, Fla.App., 286 So.2d 244, opinion filed November 6, 1973; Cleveland v. State, Fla.App., 287 So.2d 347, opinion filed December 4, 1973. Accordingly, the provision in the sentence for probation must be stricken, and the sentence as modified is affirmed.
Affirmed as modified.