290 So.2d 503 (1974)
Willie O. WATERS, Appellant,
v.
STATE of Florida, Appellee.
No. T-415.
District Court of Appeal of Florida, First District.
February 28, 1974.
*504 Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard Prospect, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant has appealed a judgment of conviction and sentence based upon a jury verdict finding him guilty of the crime of aggravated assault. He presents three points on appeal for our consideration, but only one is deemed to be sufficiently meritorious to warrant discussion.
Appellant contends that the sentence imposed upon him by the trial court was in excess of the maximum limits provided by law and, to the extent of such excess, should be declared void and of no effect.
The crime of aggravated assault for which appellant was convicted is denominated by statute as a felony of the third degree[1] which carries a maximum punishment of imprisonment in the state penitentiary not exceeding five years.[2]
Upon adjudging appellant guilty of the crime for which he stood convicted, the trial court imposed the following sentence, to wit:
"The defendant Willie O. Waters shall be imprisoned in the county jail of Nassau County, Florida, for a term of five years. Upon completion of three months of that sentence, imposition of the remainder of that sentence shall be withheld until the further order of this court, and that defendant shall be upon probation, under the supervision and control of the state probation and parole commission, for a period of 4 years and 9 months. The terms and conditions of that probation are specified in a separate order attached hereto." (emphasis added.)
In the separate order of probation attached to the sentence, the following conditions are imposed:
"1. Imposition of 4 years and 9 months of the 5 year sentence upon the defendant Willie O. Waters is stayed and withheld. (emphasis added.)
"2. That defendant is placed upon probation, under the supervision and control of the state probation and parole commission, for the period of 4 years and 9 months after he served 3 months in the Nassau County jail."
Florida Statute 775.082(4)(c), F.S.A., directs that one convicted of a felony of the third degree shall be punished by imprisonment in the state penitentiary.
F.S. Section 922.051, F.S.A., provides as follows:
"When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than one year."
F.S. Section 948.01(4), F.S.A., provides:
"Whenever punishment by imprisonment in the county jail is prescribed, the court, in its discretion, may at the time of sentencing direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court." (emphasis added.)
F.S. Section 948.04, F.S.A., provides that the period of probation ordered by the court shall not exceed more than two years beyond the maximum term for which the defendant might have been sentenced.
F.S. Section 948.06, F.S.A., provides that upon revocation of probation the court shall:
"* * * impose any sentence which it might have originally imposed before *505 placing the probationer on probation." (emphasis added.)
Thus it appears that the sentence actually imposed by the trial judge was less than that allowed by law. Florida Statute 922.051, F.S.A., allows imposition of a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentence is not more than one year. Florida Statute 948.01(4), F.S.A., provides that when imprisonment in the county jail is prescribed and the court directs that the defendant be placed on probation upon completion of any specified period of such sentence the "court shall stay and withhold the imposition of the remainder of the sentence."
When imposition of a sentence or any part thereto is withheld, it can hardly be said to have been imposed "... the Lord gave, and the Lord hath taken away; ... ."[3]
The imposition of all but three months of the sentence was withheld by the trial judge; therefore an actual sentence of only three months was imposed, well within the limitation set forth in F.S. 922.051, F.S.A.
If the defendant's probation is not revoked then the total sentence imposed will have been only three months. Should probation be revoked he may then be sentenced in accordance with F.S. 948.06, F.S.A., for nine more months in the county jail or for four years and nine months in the state penitentiary.
In any event, the propriety of any sentence following revocation of probation, should such occur, might then be reviewed; but to do so now is to assume that a revocation will in fact occur and that an illegal sentence will then be imposed; presumptions in which we may not now indulge.
We have not overlooked the case of Williams v. State, 280 So.2d 518 (Fla.App., 1973) decided by our sister court of the Third District; but that case involved a different set of circumstances which distinguishes it from the case sub judice. From the well written opinion it is made abundantly clear that the sentencing judge in that case did not withhold imposition of any portion of the sentence during the term of probation as required by F.S. 948.01(4), F.S.A., and it is clear that the appellant had served the maximum sentence allowed by law in the county jail. Under those circumstances the court held and specifically recited:
"* * * There is no time left for the appellant to serve and there has been no portion of the sentence withheld. * * *"
As above recited, such are not the facts of the case sub judice.
Affirmed.
RAWLS, C.J., and WIGGINTON, Associate Judge, concur.
NOTES
[1] F.S. § 784.04, F.S.A.
[2] F.S. § 775.082(4)(c), F.S.A.
[3] Job 1:17, The Holy Bible, King James Version.