296 So.2d 519 (1974)
Johnnie Lee JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-632.
District Court of Appeal of Florida, Third District.
June 18, 1974.
*520 Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
The appellant was charged in separate informations with the crimes of unlawful possession of a narcotic drug, uttering a worthless check and uttering a forged instrument. He pled guilty thereto, and was so adjudged. Separate sentences were imposed, each for confinement in the Dade County jail for a period of one year to be followed by five years probation,[1] with provision that they be served concurrently.
Thereafter the court amended each of the one-year jail sentences to provide that after serving 85 days thereof the defendant should be on probation for a period of five years, again with provision for the sentences to be served concurrently. By that amendment of the sentences the probation provided for became appropriate under § *521 948.01(4) Fla. Stat., F.S.A., since the effect thereof was to withhold the imposition of the remainder of the one-year jail sentence in each case (beyond the serving of 85 days thereof), subject to the probation.
Later the defendant was charged with and convicted of the crime of aggravated assault, committed while on the probation. On the basis thereof, and for having in his possession a .32 caliber pistol, and having been unlawfully in possession of a narcotic drug (cocaine), proceedings for revocation of probation were instituted. They resulted in an order revoking the probation, and the imposition of three sentences of imprisonment in the state penitentiary for a term of two years (with credit given for 135 days previously served), to run concurrently. The defendant filed this appeal therefrom.
Appellant seeks reversal on two grounds. First, contending the Commission failed to inform him of the terms of the probation, as provided for in § 948.02(1) Fla. Stat., F.S.A. We find no merit therein. There is a presumption that officials properly perform their required duties. See Purdy v. Mulkey, Fla.App. 1969, 228 So.2d 132. The fact that an official document purporting to show the Commission's compliance with that requirement was not signed, is insufficient to overcome the presumption of performance, in the absence of evidence that the duty was not performed, and there was none here. The appellant's argument would have more weight if the violation involved was one relating to lawful conduct which one on probation ordinarily would not know would constitute violation thereof. A person on probation hardly needs an official document to advise him that commission of felonies while on probation will constitute violations of such probation. See Bernhardt v. State, Fla. 1974, 288 So.2d 490. See also § 949.10 Fla. Stat., F.S.A.
The second contention of the appellant, that the probation ordered was not authorized by law, is unsound for the reason stated earlier in this opinion.
Here the three informations to which the defendant pled guilty each charged commission of an offense which was a third degree felony punishable by imprisonment in the state penitentiary for a period not in excess of five years. By § 922.051 Fla. Stat., F.S.A., the defendant could be sentenced thereon to imprisonment in the county jail with a one-year limitation.
There remains for consideration a question as to the legality of the concurrent sentences of imprisonment in the state penitentiary for two years (less 135 days served in jail prior to sentencing), which were imposed upon revoking probation.
This question is presented. Where one who could be sentenced to imprisonment in the state penitentiary for a period of years is sentenced to imprisonment in the county jail (for a period as permitted by § 922.051 Fla. Stat., F.S.A.), with direction that he be placed on probation upon completion of a specified period of such sentence with the remainder of the jail sentence stayed and withheld (as permitted by § 948.01(4) Fla. Stat., F.S.A.), upon revocation of the probation can the court impose, on the already sentenced defendant, a new sentence of imprisonment in the state penitentiary for a period of years, such as the court could have originally imposed (as permitted by § 948.06 Fla. Stat., F.S.A. when sentence has been withheld and probation has been granted under § 948.01(1)-(3) Fla. Stat., F.S.A.), or is the time to be served, following revocation of probation which has been granted pursuant to § 948.01(4) Fla. Stat., F.S.A., limited to the unserved portion of the previously imposed jail sentence which was stayed and withheld upon placing the defendant on probation?
This court pronounced the latter rule to be applicable in Hutchins v. State, Fla. App. 1973, 286 So.2d 244, viz:
"* * * Thus, where a court in sentencing a defendant to imprisonment for a designated period in the county jail provides that after serving a stated portion *522 thereof the defendant should be on probation for some period, the penalty for a violation of probation would call for return of the defendant to the county jail for the unserved balance of the jail sentence, or such part thereof as the court should determine. * * *"
We reach this conclusion on the following reasons. Rule 3.790(a) CrPR, 33 F.S.A., states: "Pronouncement and imposition of sentence of imprisonment shall not be made upon a defendant who is to be placed on probation regardless of whether such defendant has or has not been adjudicated guilty." In subsection (b) thereof it is provided: "Following a revocation of probation, the trial court shall adjudicate the defendant, guilty of the crime forming the basis of his probation, if no such adjudication has been made previously. Pronouncement and imposition of sentence then shall be made upon such defendant."
Reading those rules together with the provisions of § 948.01 Fla. Stat., F.S.A., it is shown that except where subparagraph (4) of the latter allows probation after imposition of sentence to a county jail (after serving part thereof), a defendant is to be placed on probation only when no sentence is imposed.
Under § 948.01 where defendant in a criminal case has been found guilty or has entered a plea of guilty or of nolo contendere (except for an offense punishable by death), he may be placed on probation whether he is then adjudged guilty or adjudication of guilt is withheld, but in either case imposition of sentence upon the defendant must be withheld. Where that is done, then upon a subsequent revocation of the probation the court is called upon to sentence the defendant where no sentence has previously been imposed, and in such case by statute the court may "impose any sentence which it might have originally imposed before placing the probationer on probation." § 948.06(1) Fla. Stat., F.S.A. In the county jail probation procedure under § 948.01(4), the sentence already has been "originally imposed before placing the probationer on probation."
Consistent with the provisions of the statute above referred to it has been held that a court in sentencing a defendant to imprisonment in the state penitentiary cannot add thereto a period of probation. Robinson v. State, Fla.App. 1972, 256 So.2d 390. Subparagraph (4) of § 948.01 furnishes an exception, where punishment by imprisonment in the county jail is prescribed. In that instance it is provided that a defendant who is being sentenced may be placed on probation "upon completion of any specified period of such sentence," upon staying and withholding the remainder of the jail sentence imposed on the defendant. When that exception is utilized, and probation granted thereunder is later revoked, since the sentence of the defendant already has been made, in our judgment the revocation of the probation operates to subject the defendant to the penalty of serving no more than the portion of the jail sentence which was withheld incident to placing him on probation.
In the recent decision of the first district court of appeal in Waters v. State, Fla. App. 1974, 290 So.2d 503, where a defendant was sentenced to imprisonment in a county jail for a period of five years, with provision that he be placed on probation after serving three months thereof, and withholding the balance of that sentence, the court expressed the view that upon revocation of the probation the defendant could be sentenced to imprisonment "for nine more months in the county jail or for four years and nine months in the state penitentiary."
We regard the question here dealt with to be one of great public interest and are separately so certifying this decision, as provided for in Art. 5, § 3(b)(3) Fla. Const., F.S.A.
The judgment is affirmed. The sentences are set aside, and the cause is remanded to the trial court with direction to order that the defendant be returned to the county *523 jail to serve therein the remaining portion of the previously imposed concurrent one-year jail sentences which was withheld, giving the defendant credit for the time served prior to so directing.
It is so ordered.
NOTES
[1] The addition of probation to follow the period for which the defendant was sentenced to imprisonment in the county jail in each case was not authorized. In Williams v. State, Fla.App. 1973, 280 So.2d 518, it was pointed out that the statute which allows the court to provide for probation in connection with a sentence of imprisonment in the county jail does not authorize imposition of probation to follow a designated jail sentence, but authorizes the court to provide for probation upon completion of some designated portion of an imposed jail sentence. Section 948.01 (4) Fla. Stat., F.S.A. provides: "Whenever punishment by imprisonment in the county jail is prescribed, the court, in its discretion, may at the time of sentencing direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court."