PER CURIAM.
Defendant-appellant was charged by information with (1) breaking and entering and (2) petit larceny. Defendant first entered a plea of not guilty and thereafter pled guilty to both charges. Thereupon, the trial judge found defendant guilty of the charges and thereafter entered two orders withholding adjudication of guilt on each count; However, the judge then sentenced the defendant-appellant on each charge to 40 days in the county jail[1] to be followed by five years probation. Approximately two years later, an affidavit of violation of probation was filed wherein appellant was charged with violation of condition “H” of his probation. After a hearing thereon was held, defendant-appellant was found guilty of violation of probation. His probation was revoked and he was sentenced to concurrent sentences of five years in the state penitentiary on each count.
On appeal, defendant contends that the trial court erred in revoking defendant’s probation since the probationary part of his sentence was a nullity. We agree.
Since the trial judge chose to impose a sentence of 40 days in county jail and failed to suspend any part thereof, the sentence of probation was void ab initio and, therefore, the trial court lacked jurisdiction to revoke probation and impose a new sentence. See Williams v. State, Fla.App. 1973, 280 So.2d 518; Hutchins v. State, Fla.App.1973, 286 So.2d 244; Cleveland v. State, Fla.App.1973, 287 So.2d 347; Kohn v. State; Fla.App. 1974, 289 So.2d 48; Bryant v. State, Fla.App.1974, 290 So.2d 122; Reynolds v. State, Fla.App.1974, 293 So.2d 743.
Accordingly, the order revoking probation is reversed and the cause remanded to the trial court with directions to discharge the appellant as to the concurrent five year sentences which followed his revocation of probation.
Reversed and remanded.

. These jail sentences were to run concurrently.