PER CURIAM.
The appellant was found guilty of grand larceny after a trial before the court without jury. On this appeal from the judgment and sentence, he argues that the evidence was insufficient because the corpus delicti was not proved prior to the admission of his confession. We hold that the proof was sufficient under the holding in Rowe v. State, Fla.1956, 84 So.2d 709.
Appellant’s point claiming that the information was insufficient to invoke the felony jurisdiction of the trial court does not present reversible error. No motion to dismiss the information or for a statement of particulars was made and the information was sufficient to inform the defendant of the crime with which he was charged. The proof conformed to that required by the statute. We hold that the information was sufficient. See Valassakis v. State, Fla.App.1966, 187 So.2d 74; Thomas v. State, Fla.App.1968, 216 So.2d 780.
However, we find the sentence here to be improper. See Williams v. State, Fla.App.1973, 280 So.2d 518; Harris v. State, Fla.App.1974, 288 So.2d 552; Kohn v. State, Fla.App.1974, 289 So.2d 48. In accordance with the procedure set out in our opinion on rehearing in the case of Durham v. State, Fla.App.1974, 304 So.2d 146, (1974, opinion on rehearing as yet unreported) we remand the case to the trial court for resentencing. We believe, as we did in Durham, that the trial judge is in the best position to evaluate the circumstances of the case and, thereby, to impose the most equitable sentence based on the evidence and various records and documents before him.
It is so ordered.