PER CURIAM.
Defendant-appellant was informed against for escape, and found guilty. The trial judge withheld imposition of sentence and placed the defendant on probation. However, as a condition thereof the judge ordered that appellant be imprisoned in the county jail for one year.
Appellant contends that a one year sentence to the county jail as a condition of probation is improper. We agree.
Probation is a matter of grace extended to the offender usually on the basis of a pre-sentence investigation which suggests that he is not likely to repeat his criminal conduct and could be rehabilitated while at liberty under supervision. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); State v. Cochran, Fla.1962, 140 So.2d 597; Pickman v. State, Fla.App.1963, 155 So.2d 646.
*374 Furthermore, probation being rehabilitative as opposed to punitive in nature presupposes that the probationer is not in prison confinement. See Roy v. State, Fla.App.1967, 207 So.2d 52. Thus we con-elude that the sentence to the county jail in the case sub judice as a condition of probation was improper. Cf. Avila v. State, Fla.App.1974, 306 So.2d 550. In addition we find it contradictory to withhold the imposition of sentence, place an offender on probation and then impose a jail sentence as a condition of that probation. For as the Florida Supreme Court has stated in Brumit v. Wainwright, Fla.1973, 290 So.2d 39:
“ . . . [A] man cannot be both in jail and out on parole at the same time; he is either in or out. There are no ‘free’ men in jail. . . . ”
Last, we repeatedly have held that it is illegal to sentence an offender to a specified term in the county jail to be followed by a period of probation without suspending any portion of the jail sentence. See Avila, supra and cases cited therein. The one year sentence to the county jail as a condition of probation is simply a subterfuge for the imposition of the hereinabove invalid type of sentence.
Before concluding, we note that appellee, the State of Florida relies upon Lewis v. State, Fla.App. 4th 1974, 298 So.2d 540 which stands for the proposition that pursuant to F.S. § 948.03(2) a judge may impose a jail sentence as a condition of probation. For the reasons cited hereinabove, we can not accept this decision of our sister court.
Accordingly, the sentence herein appealed is reversed and the cause remanded to the trial court for proper sentencing in accordance herewith.
It is so ordered.