327 So.2d 18 (1976)
STATE of Florida, Petitioner,
v.
Johnnie Lee JONES, Respondent.
No. 45802.
Supreme Court of Florida.
January 14, 1976.
Rehearing Denied March 9, 1976.
*20 Robert L. Shevin, Atty. Gen., and Linda Collins Hertz, Asst. Atty. Gen., for petitioner.
Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, for respondent.
OVERTON, Justice.
This is a petition for writ of certiorari to review the decision of the Third District Court of Appeal reported at 296 So.2d 519 (Fla.App.3d 1974), upon its certified question. The question involves probation which is preceded by a specified period of jail time and requires a construction of Sections 948.01(4), 948.03, and 948.06, Florida Statutes (1973). This is a subject upon which there have been varying constructions and interpretations by the four District Courts of Appeal. We have jurisdiction.[1]
The certified question from the Third District is as follows:
"WHERE ONE WHO COULD BE SENTENCED TO IMPRISONMENT IN THE STATE PENITENTIARY FOR A PERIOD OF YEARS IS SENTENCED TO IMPRISONMENT IN THE COUNTY JAIL (FOR A PERIOD AS PERMITTED BY § 922.051 FLA. STAT., F.S.A.), WITH DIRECTION THAT HE BE PLACED ON PROBATION UPON COMPLETION OF A SPECIFIED PERIOD OF SUCH SENTENCE WITH THE REMAINDER OF THE JAIL SENTENCE STAYED AND WITHHELD (AS PERMITTED BY § 948.01(4), FLA. STAT., F.S.A.), UPON REVOCATION OF THE PROBATION CAN THE COURT IMPOSE, ON THE ALREADY SENTENCED DEFENDANT, A NEW SENTENCE OF IMPRISONMENT IN THE STATE PENITENTIARY FOR A PERIOD OF YEARS, SUCH AS THE COURT COULD HAVE ORIGINALLY IMPOSED (AS PERMITTED BY § 948.06 FLA. STAT., F.S.A. WHEN SENTENCE HAS BEEN WITHHELD AND PROBATION HAS BEEN GRANTED UNDER § 948.01(1)-(3), FLA. STAT., F.S.A.), OR IS THE TIME TO BE SERVED, FOLLOWING REVOCATION OF PROBATION WHICH HAS BEEN GRANTED PURSUANT TO § 948.01(4), FLA. STAT., F.S.A., LIMITED TO THE UNSERVED PORTION OF THE PREVIOUSLY IMPOSED JAIL SENTENCE WHICH WAS STAYED AND WITHHELD UPON PLACING THE DEFENDANT ON PROBATION?"
For the reasons stated herein, we answer the question by holding that a defendant placed on probation pursuant to Section 948.01(4), Florida Statutes (1973), who subsequently violates that probation may be sentenced to imprisonment by the trial judge for the same period of years as the court could have originally imposed in accordance with Section 948.06, Florida Statutes (1973), without the necessity of establishing a term of sentence and withholding a part of it at the initial sentencing proceedings.
In the instant case the respondent-defendant pleaded guilty to (1) possession of heroin, (2) uttering a worthless check, and (3) uttering a forged instrument. The trial judge imposed separate sentences for each of these offenses, prescribing confinement in the Dade County jail for a period of one year to be followed by probation for five years, the sentences to be served concurrently. The trial court reconsidered the sentences in each case and reduced the *21 period to be spent in the Dade County jail to the 85 days then served, retaining the five-year probation period. The defendant-respondent violated the probation within the designated five-year period by committing other felonies. His probation was revoked and the trial judge imposed three concurrent sentences of two years each in the state penitentiary with credit for 135 days served in the Dade County jail. The Third District Court affirmed the judgment but reversed the trial court's sentence, holding that "the revocation of the probation operates to subject the defendant to the penalty of serving no more than the portion of the jail sentence which was withheld incident to placing him on probation." The District Court decision restricted the maximum punishment for violating the probation to the previously imposed concurrent one-year county jail sentences which were withheld, less credit for the time served. This holding requires the trial judge to impose the total sentence and then withhold a portion of the sentence for use in the event violation of probation occurs. The decision also assumed the reconsideration did not disturb the balance of the one-year sentence but merely withheld its imposition. We do not agree with the District Court's construction of the statute or the result reached in the instant case.
The sole purpose of Chapter 948 is to authorize probation. The manner of imprisonment is considered elsewhere[2] and its consideration in Chapter 948 is only as an incident to probation or violation thereof. The chapter must be read as a whole. Section 948.01, Florida Statutes (1973), principally in issue in these proceedings, reads in its entirety as follows:
"948.01. When courts may place defendant on probation. 
"(1) Any court of the state having original jurisdiction of criminal actions, where the defendant in a criminal case has been found guilty by the verdict of a jury or has entered a plea of guilty or a plea of nolo contendere or has been found guilty by the court trying the case without a jury, except for an offense punishable by death, may at a time to be determined by the court, either with or without an adjudication of the guilt of the defendant, hear and determine the question of the probation of such defendant.
"(2) Prior to such hearing the court may refer the case to the parole and probation commission for investigation and recommendation. The court, upon such reference, shall direct the commission to make an investigation and report in writing at a specified time to the court upon the circumstances of the offense, the criminal record, the social history, and the present condition of defendant together with its recommendation.
"(3) If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt and in either case stay and withhold the imposition of sentence upon such defendant, and shall place him upon probation under the supervision and control of the commission for the duration of such probation. And the said commission shall thereupon and thereafter, during the continuance of such probation, have the supervision and control of the defendant.
"(4) Whenever punishment by imprisonment in the county jail is prescribed, the court, in its discretion, may at the time of sentencing direct the defendant to be placed on probation upon completion of any specified period of such sentence. *22 In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court.
"(5) In no case shall the imposition of sentence be suspended and the defendant thereupon placed on probation unless such defendant be placed under the custody of said commission."
The Legislature in 1974 attempted to correct the confusion arising from varying District Court decisions by amending Section 948.01(4), Florida Statutes (1974), effective July 1, 1974, as follows:
"Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court."
[emphasis added]
Irrespective of this amendment, the issue raised by the prior law is still one of public interest because of defendants now on probation pursuant to its prior provisions.
Section 948.03, Florida Statutes (1973), prescribes the terms and conditions of probation and specifically authorizes the trial court to add such other conditions as it considers proper. It further grants to the trial judge the authority to rescind or modify at any time the terms and conditions of probation imposed by the court upon the probationer.
Section 948.03, Florida Statutes (1973), allows the trial judge upon revocation of probation to impose any sentence which might have been originally imposed before placing the defendant on probation.
There are three primary sentencing alternatives available to the trial judge. In order of their severity, they are as follows:
(1) Imprisonment. Sentencing of a defendant to the county jail or state prison.
(2) Probation and Imprisonment. A prescribed period of probation which is preceded by a period of incarceration, known generally as the split sentence alternative.
(3) Probation. A prescribed period of probation.
The use of probation which is preceded by a specific period of incarceration as an alternative means of punishment has been imposed by various methods in the trial courts. The District Courts have both approved and restricted these orders to the extent that it is difficult for the trial court to determine the proper procedure to use.
The Third District, in Williams v. State, 280 So.2d 518 (Fla.App.3d 1973), had before it a defendant who had pleaded guilty to a felony and had been sentenced to one year in the county jail followed by two years probation. During the probationary period, subsequent to serving the one year in the county jail, the defendant violated the conditions of probation. The trial judge revoked the probation and sentenced the defendant to two years in the state prison. The Third District held that there was no power in the trial judge to impose probation upon this defendant subsequent to the completion of serving his term in the county jail, and found the probationary portion of the sentence a nullity. It construed Section 948.01(4), Florida Statutes, to mean that the trial court must withhold a portion of the county jail sentence in order to impose any punishment for a violation of the probation. This Williams decision *23 was followed by the Third District in Reynolds v. State, 293 So.2d 743 (Fla. App.3d 1974); Bryant v. State, 290 So.2d 122 (Fla.App.3d 1974); Kohn v. State, 289 So.2d 48 (Fla.App.3d 1974); Harris v. State, 288 So.2d 552 (Fla.App.3d 1974); McNeill v. State, 287 So.2d 745 (Fla.App.3d 1974); Cleveland v. State, 287 So.2d 347 (Fla.App.3d 1973); Metchik v. State, 286 So.2d 269 (Fla.App.3d 1973); Hutchins v. State, 286 So.2d 244 (Fla. App.3d 1973), and Mylks v. State, 285 So.2d 434 (Fla.App.3d 1973). See also Green v. State, 310 So.2d 373 (Fla.App.3d 1975), and Durham v. State, 304 So.2d 146 (Fla. App.3d 1974).
In Hutchins v. State, supra, the Third District further interpreted Section 948.01(4), Florida Statutes (1973), by saying:
"... Thus, where a court in sentencing a defendant to imprisonment for a designated period in the county jail provides that after serving a stated portion thereof the defendant should be on probation for some period, the penalty for a violation of probation would call for return of the defendant to the county jail for the unserved balance of the jail sentence, or such part thereof as the court should determine... ." 286 So.2d at 246-47.
The other District Courts of Appeal have not been as restrictive and have attempted to distinguish that Williams decision.
The Second District, in Washington v. State, 284 So.2d 236 (Fla.App.2d 1973), had before it a defendant who had pleaded guilty to a felony and was placed on four years probation, conditioned on his spending one year in jail. The defendant left the jail without permission, which resulted in the trial court's revoking his probation and sentencing him to three years in the state prison pursuant to Section 948.06, Florida Statutes. The Second District affirmed. Previously, in State v. Williams, 237 So.2d 69 (Fla.App.2d 1970), the Second District had held that Section 948.03, Florida Statutes, was sufficiently broad to allow a condition which required the defendant to spend sixty days in jail each year of a twenty-year probation. That court cited as additional authority United States ex rel. Spellman v. Murphy, 217 F.2d 247 (7th Cir.1954); State v. Bassett, 86 Idaho 277, 385 P.2d 246 (1963); State v. Brown, 253 N.C. 195, 116 S.E.2d 349 (1960); Judicial Review of Probation Conditions, 67 Colum.L.Rev. 181, 184 (1967). In Hults v. State, 307 So.2d 489 (Fla.App.2d 1975), the Second District held illegal and void a sentence of 18 months imprisonment followed by three years probation because the trial judge failed to stay any portion of the sentence at the initial sentencing proceeding. A similar result was reached in Woodruff v. State, 309 So.2d 55 (Fla.App.2d 1975), and Harrell v. State, 308 So.2d 51 (Fla.App.2d 1975). In Ivey v. State, 308 So.2d 565 (Fla.App.2d 1975), the Second District, citing Section 948.06(2), Florida Statutes, held the time spent in jail pursuant to a split sentence alternative was a valid condition of probation and the defendant was not entitled to credit for the jail time served upon revocation of that probation.
The Fourth District, in Lewis v. State, 298 So.2d 540 (Fla.App.4th 1974), had before it a defendant who had pleaded guilty to a felony for which he could be sentenced to five years in the state prison. The trial judge withheld adjudication of guilt and placed the defendant on five years probation subject to the condition that the defendant "spend ten months in the Orange County Correction Facility, with credit for time served... ." The defendant escaped while serving the ten-month sentence. The trial judge revoked the probation and sentenced the defendant to five years in the state prison. The Fourth District affirmed and distinguished the Third District's decision in Williams v. State, supra, by the fact that there had been an adjudication of guilt by the trial judge in the Williams case, which was not the situation with the defendant *24 Lewis. We do not agree that this is a controlling distinguishing characteristic. The Fourth District in Lewis adopted with approval the Second District's decision in State v. Williams, supra, upholding jail time as a condition of probation, citing as additional authority Ex parte Hazlett, 137 Cal. App. 734, 31 P.2d 448 (1934); People v. Fisher, 237 Mich. 504, 212 N.W. 70 (1927); 24 C.J.S. Criminal Law § 1618(8) (1961), and a subsequent decision by the Second District in Sanders v. State, 268 So.2d 553 (Fla.App.2d 1972). The Fourth District, in Lennard v. State, 308 So.2d 579 (Fla.App.4th 1975), and Brown v. State, 302 So.2d 430 (Fla.App.4th 1974), held the sentencing court, in imposing the split sentence probation alternative, must stay and withhold the imposition of part of the sentence.
The First District, in Waters v. State, 290 So.2d 503 (Fla.App.1st 1974), had before it a defendant convicted of aggravated assault, for which he could be sentenced to five years in the state penitentiary. The trial judge sentenced the defendant to be imprisoned in the county jail for five years but provided that upon completion of three months of the sentence, imposition of the remainder would be withheld and the defendant placed on probation for a period of four years and nine months subject to the conditions of a separate probation order. The conditions in the probation order included three months jail time before commencing the probation period. The defendant did not violate his probation but contended the sentence imposed was in excess of the maximum limits because of the provision of Section 922.051, Florida Statutes, which prescribed that a court might impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than one year. The defendant claimed the sentence was void to the extent that it exceeded one year in the county jail. The District Court rejected this contention. It distinguished the Third District's decision in Williams v. State, supra, on the grounds that the Williams trial court did not withhold imposition of any portion of the sentence during the term of probation. We disagree that this is a controlling distinguishing characteristic. The proper result was achieved, but the imposition of the total sentence prior to the commencement of probation and imposition of a sentence of more than one year in the county jail were improper. The five-year sentence was authorized but only after revocation of probation, and it must be in the state prison.
These cases illustrate the several ways trial judges have attempted to impose split sentence probation and the various interpretations by the respective District Courts of Appeal.
To clarify and establish this area of the law, we hold trial courts have both general and specific authority for the imposition of the split sentence probation alternative.
We hold that the trial courts of this state have the general authority to require incarceration as a condition of probation for felony and misdemeanor offenses pursuant to the general condition provisions of Section 948.03, Florida Statutes, and the reasoning and authorities contained in Washington v. State, supra, and Lewis v. State, supra.
We hold that prior to July 1, 1974, the provisions of Section 948.01(4), Florida Statutes (1973), granted specific authority to the trial judge to prescribe a period in the county jail followed by probation for those offenses punishable only by imprisonment in the county jail (misdemeanor offenses). It is our opinion that the term "whenever punishment by imprisonment in the county jail is prescribed" is descriptive of the offenses to which the subparagraph was applicable. The new amendment to Section 948.01(4), effective July 1, 1974, expands the trial judge's specific statutory authority to include felonies as well as misdemeanors in the use of the split sentence probation alternative.
*25 We reject the District Court's interpretation of Section 948.01(4) which requires the trial judge at the initial sentencing proceeding to impose a total sentence immediately followed by the withholding of a part thereof for use in the event probation is violated. This interpretation is inconsistent with the procedure for straight probation as authorized by Section 948.01(3), Florida Statutes, and in conflict with Section 948.06, Florida Statutes. The latter authorizes the trial judge, upon a finding that probation has been violated, to impose any sentence he might have originally imposed. Section 948.01(3), Florida Statutes, pertaining to placing a defendant on straight probation, requires the court to stay and withhold the imposition of sentence. The only difference in the wording of Section 948.01(4), Florida Statutes, is the addition of the qualifying word "remainder" in the phrase "withhold the imposition of the remainder of sentence." We read this provision of the statute to mean that the time spent in jail must be within any maximum jail sentence which could be imposed. We find no legislative intent to require an initial imposition of the total sentence.[3]
We further hold that a defendant must be given credit for the time spent in jail pursuant to the split sentence probation order whether it is imposed pursuant to Section 948.01(4), Florida Statutes, or as a condition of probation under Section 948.03, Florida Statutes. We construe Section 948.06(2), Florida Statutes, to apply only to time spent under probation supervision without incarceration. To hold otherwise would result in a possible constitutional violation under the standards set down in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
In conclusion, we hold (1) the trial court may place a defendant on probation and include, as a condition, incarceration for a specific period of time within the maximum sentence allowed; (2) the trial court may revoke, revise, or modify for cause the probation and incarceration provision at any time during the period that said order is in force and impose any sentence which might have been originally imposed;[4] (3) upon revocation, a defendant must be given credit for any period of time spent in jail pursuant to a split sentence probation order.
The decision of the Third District Court of Appeal is quashed, and this cause is remanded with directions to reinstate the sentences imposed by the trial court.
It is so ordered.
ADKINS, C.J., ROBERTS and ENGLAND, JJ., and LEE, Circuit Judge, concur.
BOYD, J., dissents with an opinion.
BOYD, Justice (dissenting).
I respectfully dissent to the majority opinion and would adopt the decision of the Third District Court of Appeal reported at 296 So.2d 519 which is being quashed herein.
To reach the result attained by the majority it is necessary to give Section 948.01, Florida Statutes, 1973, a strained interpretation never contemplated by the Legislature in its consideration of the matter of probation. Section 948.01(1), (2) and (3), Florida Statutes, 1973, regulates procedures for release of defendants on probation prior to being sentenced. Subsection (5) simply requires probationers to be under supervision of the Parole and Probation Commission. The only relevant portion of the statute dealing with the situation being *26 reviewed here is subsection (4) which provides as follows:
"(4) Whenever punishment by imprisonment in the county jail is prescribed, the court, in its discretion, may at the time of sentencing direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court." (emphasis supplied)
A careful reading of subsection (4) reveals it provides simply that, whenever a prisoner is sentenced to a term in county jail, the court may require service of a portion of the specified sentence and release the prisoner on probation.
In this case, the prisoner was given three concurrent one-year sentences in the Dade County jail to be followed by five years on probation. Later the court reconsidered and reduced the sentences to the eighty-five days already served in jail, retaining the five year probation period.
Upon breach of probation within the specified time period, the court revoked his probation and imposed three two-year concurrent sentences of confinement in the state penitentiary. In my view, the court exceeded its statutory authority by imposing a new and different sentence from the one-year jail sentence previously imposed. I believe the District Court of Appeal, Third District, correctly held that the trial court exceeded its statutory authority by imposing two-year penitentiary sentences on defendant after previously fixing definite one-year sentences in county jail for the very same offenses.
The language of Section 948.01(4), Florida Statutes. 1973, specifies "the remainder of the sentence imposed." It makes no reference to new sentences to be imposed nor to the extension or enlargement of the sentence imposed. In this case, the only "remainder of the sentence imposed" is the one-year county jail sentence, less the eighty-five days already served.
Perhaps true justice could be attained by permitting a court to call back and resentence an erring probationer released from county jail during his specified term of incarceration, but I find no Florida statute which permits such action as is approved by the majority opinion. The deprivation of personal liberty by courts for violating criminal statutes must never exceed the punishment authorized by the Legislature. If more harsh sentences are needed the Legislature, not the courts, should change the law.
Here, the courts admittedly have disagreed upon the construction of Section 948.01, Florida Statutes, 1973. This statute well may be ambiguous and need legislative clarification. This premise is supported by the Third District Court of Appeal's referral of the question to this Court. It is a well recognized principle of law that ambiguities in criminal statutes are to be resolved in favor of accused persons.[5]
The trial court could have sentenced Respondent to county jail or the penitentiary but not to both. It chose the county jail; it now cannot use hindsight to correct the judgment by substituting a sentence in state prison simply because it appears that imprisonment in the county jail was too lenient a form of punishment. If the offenses committed during release from county jail authorized punishment, the court might have timely punished Respondent for them upon separate and independent convictions. Regardless of the trial court's high motives to deter crimes, I respectfully submit that the methods used were never approved by the Florida Statutes *27 and should not be approved by this Court. Respondent should serve one year in jail less eighty-five days and no more.
I do not find that the 1974 amendment to Section 948.01(4), Florida Statutes, alters my view.
I therefore respectfully dissent.
NOTES
[1] Art. V, § 3(b)(1), (3), Fla. Const.
[2] See Chapters 921 and 922, Florida Statutes.
[3] Our interpretation herein is consistent with the provisions of RCrP 3.790.
[4] The order is governed by Sections 948.03 and 948.06, Florida Statutes (1973), and the trial judge is not restricted by the sixty-day provision of RCrP 3.800.
[5] Negron v. State, 306 So.2d 104 (Fla. 1975); Snowden v. Brown, 60 Fla. 212, 53 So. 548 (1940).