DOWNEY, Judge.
Appellant was charged with arson of an automobile on June 15, 1974, in violation of § 806.03 F.S.1974. On July 23, 1974, appellant pleaded guilty and on November 1, 1974, he was sentenced to the Division of Corrections for a term of three years (with credit for four days jail time), provided that after he had served twelve months of said term he should be placed on probation for a period of four years. Appellant’s sole contention on appeal is that the foregoing sentence is illegal and that “the illegal portion of the sentence be stricken.”
As the Supreme Court of Florida pointed out in State v. Jones, Fla.1976, 327 So.2d 18, 24:
“. . . prior to July 1, 1974, the provisions of Section 948.01(4), Florida Statutes (1973), granted specific authority to the trial judge to prescribe a period in the county jail followed by probation for those offenses punishable only by imprisonment in the county jail (misdemeanor offenses). It is our opinion that the term ‘whenever punishment by imprisonment in the county jail is prescribed’ is descriptive of the offenses to which the subparagraph was applicable. The new amendment to Section 948.-01(4), effective July 1, 1974, expands the trial judge’s specific statutory authority to include felonies as well as misdemeanors in the use of the split sentence probation alternative.” (Emphasis added.)
The problem in this case is that the offense with which appellant was charged took place before the effective date of the amendment to § 948.01 F.S., so that the trial judge did not have the authority to utilize the split sentence procedure in sentencing appellant to the Division of Corrections.
Accordingly, the sentence appealed from is vacated and the cause is remanded with directions to resentence appellant.
CROSS and OWEN, JJ., concur.