RAWLS, Acting Chief Judge.
On September 14, 1973, Wilcox and another were charged with possession of more than five grams of cannabis contrary to the provisions of Section 893.13, Florida Statutes.[1]
Wilcox entered a plea of nolo contendere to the charge, and on December 19, 1973, the trial court sentenced him to a 6-month term in the county jail and, commencing thereafter, three years probation.
On July 1,1976, an affidavit for violation of probation was filed against Wilcox on the basis of his arrest June 28, 1976, for possession of numerous marijuana plants and drug paraphernalia. Immediately prior to a probation revocation hearing held on July 23, 1976, Wilcox’s counsel made a motion to dismiss on the grounds that the 3-year probationary period following the 6-month county jail sentence constituted an illegal sentence. Wilcox’s motion was denied and following the revocation hearing, the trial court, finding that Wilcox had violated his probation, adjudicated him guilty of the 1973 possession charge and sentenced him to four years imprisonment.
By this appeal, Wilcox argues that the probationary portion of his 1973 “split sentence” was illegal and void and, therefore, the subsequent revocation and sentencing are a nullity. We are constrained to disagree and must affirm.
Wilcox primarily relies upon the Florida Supreme Court’s opinion in State v. Jones, 327 So.2d 18 (Fla.1976). Based upon a similar factual situation,[2] the Jones decision *852 professed to “clarify and establish” that area of the law dealing with probation,[3] in general, and, specifically, with “split sentences” pronounced prior to the July 1, 1974, amendment of Section 948.01(4), Florida Statutes.[4]
In arguing to this court that the probation portion of his split sentence was a nullity in that it was entered pursuant to a felony conviction prior to the effective date of Section 948.01(4), Florida Statutes (1974), Wilcox recites the following paragraph from the Supreme Court’s opinion in Jones:
“We hold that prior to July 1, 1974, the provisions of Section 948.01(4), Florida Statutes (1973), granted specific authority to the trial judge to prescribe a period in the county jail followed by probation for those offenses punishable only by imprisonment in the county jail (misdemeanor offenses). It is our opinion that the term ‘whenever punishment by imprisonment in the county jail is prescribed’ is descriptive of the offenses to which the subparagraph was applicable. The new amendment to Section 948.01(4), effective July 1, 1974, expands the trial judge’s specific statutory authority to include felonies as well as misdemeanors in the use of the split sentence probation alternative.”
Standing alone, the above quoted paragraph appears to fully support Wilcox’s contention that his 1973 felony split sentence was illegal. In further support of his proposition, Wilcox cites Williams v. State, 332 So.2d 33 (Fla. 4th DCA 1976), in which Williams pled guilty to a felony on June 15, 1974, and was sentenced to the Division of Corrections for a term of three years, provided that after he served 12 months of said term he should be placed on probation for a period of four years. Williams appealed and the Fourth District, citing the same above quoted paragraph from Jones, vacated the sentence and remanded for resen-tencing stating:
“The problem in this case is that the offense with which appellant was charged took place before the effective date of the amendment to § 948.01, F.S., so that the trial judge did not have the authority to utilize the split sentence procedure in sentencing appellant to the Division of Corrections.”
The apparently insurmountable obstacle that precludes us from reversing the instant cause is the actual disposition of the Jones decision. Notwithstanding language of the opinion holding that split sentences were not available for those adjudged guilty of felonies prior to July 1, 1974, the Supreme Court quashed the decision of the Third District Court of Appeal and remanded with directions to reinstate the three concurrent 2-year sentences imposed by the trial court. Thus, it would appear in Jones that the probation, which the trial court did not have the authority to impose initially, was nevertheless susceptible to revocation subsequent to the service of its accompanying jail time. Further, the probation revocation may be the basis for a second imposition of incarceration in the state prison system up to the maximum a defendant *853 may have received initially, with credit given for jail time served.
The pertinent facts in the instant case are indistinguishable from those in Jones and, thus, are deserving of the same result.
AFFIRMED.
SMITH and MILLS, JJ., concur.

. Section 893.13(l)(a)2, Fla.Stat., provides that such possession is a felony of the third degree which, pursuant to Sec. 775.082(3)(d), Fla.Stat., is punishable by a term of imprisonment in the state prison not exceeding five years.

. Jones pled guilty to three felonies and was sentenced to three concurrent sentences of one year in county jail to be followed by five years probation. Upon reconsideration of the sentences the trial court reduced the jail time to the 85 days that Jones had served but retained the 5-year probation period. Jones later violated his probation and, following a revocation hearing, was sentenced to three concurrent sentences of two years each with credit for jail time served. Jones appealed and the Third District Court of Appeal, 296 So.2d 519, af *852 firmed the judgment of guilt but set aside the sentences, holding that pursuant to Sec. 948.-01(4), Fla.Stat. (1973), Jones could only be sentenced to the county jail for the remaining unserved portion of the previously imposed concurrent one year jail sentences. The Third District certified the issue to be one of great public interest to the Florida Supreme Court pursuant to Article V, Section 3(b)(3), Florida Constitution.

. Chapter 948, Fla.Stat. (1973).

. Sec. 948.01(4), Fla.Stat. (1973), reads as follows:
“(4) Whenever punishment by imprisonment in the county jail is prescribed, the court, in its discretion, may at the time of sentencing direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court.”
However, in an act that took effect July 1, 1974, the legislature amended Sec. 948.01(4) to read, in pertinent part, as follows: “(4) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed . . .”