PER CURIAM.
Appellant entered a plea of guilty to a charge of possession of heroin. The court *932 sentenced her to a term of one year in county jail but ordered that the sentence be suspended after ninety days and appellant placed on three years probation. During the period of appellant’s probation, her supervisor filed an affidavit charging her with a violation of probation. Pursuant to plea negotiations, appellant admitted the violation and the court sentenced her to one year in county jail with credit for the time spent in prison awaiting the revocation hearing.
On this appeal, appellant contends that the court also should have given her credit for the ninety days she spent in jail on the original sentence. This is clearly required under State v. Jones, 327 So.2d 18 (Fla.1976). There is nothing in the record to suggest that the plea negotiations contemplated a one year sentence in addition to the ninety days which had already been served for the same crime.
The order revoking probation is affirmed. The case is remanded for correction of sentence. Appellant need not be present when this is done.
HOBSON, A. C. J., and GRIMES and SCHEB, JJ., concur.