Michael H. Davidson General Counsel Florida Parole and Probation Commission Tallahassee
QUESTION:
Is the Florida Parole and Probation Commission obliged to consider eligible for parole, and interview, persons sentenced to the custody of the Department of Corrections with the proviso that, after serving a term of less than 1 year in the county jail, said person is to be released on probation?
SUMMARY:
Unless and until judicially determined to the contrary, the Parole and Probation Commission is not obliged under the terms of the statute to consider eligible for parole, and interview, any person sentenced to a period of incarceration of less than 12 months followed by a period of probation pursuant to a split sentence probation.
The duties of the Florida Parole and Probation Commission (hereafter the commission) concerning parole interviews are set out in s. 947.16(1), F. S., as amended, which provides in pertinent part:
 Every person who has been, or who may hereafter be, convicted of a felony or who has been convicted of one or more misdemeanors and whose sentence or cumulative sentences total 12 months or more, who is confined in execution of the judgment of the court, and whose record during confinement is good, shall, unless otherwise provided by law, be eligible for consideration for parole. . . . (Emphasis supplied.)
To be eligible for parole, the convicted defendant must, at a minimum, be subject to a sentence of 12 months or more and be confined in execution of the court's judgment. The commission is required to interview all eligible confined inmates within the prescribed times. Section 947.16(1), F. S., as amended.
You did not specify which statutory provision authorized the type of sentence in question. However, for purposes of this opinion, I assume that your inquiry concerns sentences entered pursuant to s.948.01(4), F. S. Section 948.01(4) authorizes the imposition of a sentence popularly known as a `split sentence,' that is, a sentence imposing a specified period of incarceration followed by a specified period of probation. State v. Holmes, 360 So.2d 380,382 (Fla. 1978). The split sentence probation alternative is one of three primary sentencing alternatives available to a trial judge. State v. Jones, 327 So.2d 18, 22 (Fla. 1976). In360 So.2d at 383, the Supreme Court held, among other things, `that a trial judge is authorized by [s.] 948.01(4) to sentence a defendant to a period of incarceration followed by a period of probation.'
In the instant case the affected persons appear to have been sentenced to a period of confinement or imprisonment of less than 12 months' duration; that is the only sentence of imprisonment imposed by the trial court. By the very nature of the split sentence order, as characterized and applied in Holmes and Jones, the period of confinement or incarceration ordered to be served is the only sentence of imprisonment imposed by the trial court. Thus, I conclude that it is only that period of incarceration or confinement which is within the purview of s. 947.16(1), id., for determining whether the affected persons are eligible for parole consideration. Therefore, if the period of confinement ordered under the authority of s. 948.01(4), id., is less than 12 months, the person's `sentence' does not `total 12 months or more' for purposes of parole eligibility under s. 947.16(1). Such persons are not eligible parole, and the commission is not obliged to consider or interview such persons for parole. Compare AGO 071-22, concluding that a prisoner must be serving a term of at least 12 months in jail or prison in order to be eligible for parole.
Since this conclusion disposes of the matter, it is not necessary to address the other issues raised by your inquiry. I am aware of the case of Burns v. Katsaris, et al., pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida (no number assigned, filed May 15, 1979). However, theBurns case does not involve the split sentence probation alternative authorized by s. 948.01(4), F. S.
In summary, therefore, unless and until judicially determined to the contrary, the Parole and Probation Commission is not obliged under the terms of s. 947.16(1), F. S., as amended, to consider eligible for parole, and interview, any person sentenced to a period of incarceration of less that 12 months followed by a period of probation pursuant to a split sentence probation imposed under s. 948.01(4), F. S.
Prepared by:
Carol Z. Ballamy Assistant Attorney General