574 So.2d 1099 (1991)
Michael GLASS, Petitioner,
v.
STATE of Florida, Respondent.
No. 75600.
Supreme Court of Florida.
February 7, 1991.
Rehearing Denied March 26, 1991.
*1100 Nancy Daniels, Public Defender and Michael J. Minerva, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Glass v. State, 556 So.2d 465 (Fla. 1st DCA 1990), in which the First District Court of Appeal certified the following question as one of great public importance:
DOES A DOUBLE JEOPARDY VIOLATION RESULT FROM THE IMPOSITION OF A PROBATIONARY SPLIT SENTENCE WHEN THE LEGISLATURE HAS NOT EXPLICITLY AUTHORIZED THAT DISPOSITION IN THE SENTENCING ALTERNATIVES OF SECTION 921.187, FLORIDA STATUTES?
Id. at 467. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
The petitioner, Michael Glass, pled guilty to five third-degree felonies for which the trial court placed him on concurrent periods of probation. The trial court subsequently adjudicated Glass guilty of violating probation. Under the sentencing guidelines, Glass faced a possible maximum term of three and one-half years' imprisonment. The trial court sentenced Glass to five concurrent terms of thirty months' imprisonment followed by a period of five years' probation, with credit for time already served in jail on these charges.
Glass appealed to the First District Court of Appeal, asserting that the sentence exceeded the statutory maximum of five years' imprisonment for a third-degree felony, and the form of sentence imposed was not authorized by statute and thus violated double jeopardy. The court reversed the total sanction of seven and one-half years because that term exceeded the five-year statutory maximum for a third-degree felony. However, the court affirmed the form of sentence as a probationary split sentence expressly authorized by Poore v. State, 531 So.2d 161 (Fla. 1988), and certified the question above.
The Court in Poore enumerated five basic sentencing alternatives:
(1) a period of confinement; (2) a "true split sentence" consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion; (3) a "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation; (4) a Villery[[*]] sentence, consisting of period of probation preceded by period of confinement imposed as a special condition; and (5) straight probation.
Poore, 531 So.2d at 164.
It should be noted that the certified question presupposes that there is no statutory authorization for a probationary split sentence. *1101 Therefore, we choose to rephrase the question to read:
IS THERE STATUTORY AUTHORIZATION FOR A PROBATIONARY SPLIT SENTENCE?
The statutes applicable to our consideration are:
921.187 Disposition and sentencing; alternatives; restitution. 
(1) The following alternatives for the disposition of criminal cases shall be used in a manner which will best serve the needs of society, which will punish criminal offenders, and which will provide the opportunity for rehabilitation.
A court may:
... .
(g) Impose a split sentence whereby the offender is to be placed on probation upon completion of any specified period of such sentence, which period may include a term of years or less.
§ 921.187(1)(g), Fla. Stat. (1989).
948.01 When court may place defendant on probation or into community control. 
... .
(8) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, impose a split sentence whereby the defendant is to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence which may include a term of years or less. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court. The period of probation or community control shall commence immediately upon the release of the defendant from incarceration, whether by parole or gain-time allowances.
§ 948.01(8), Fla. Stat. (1989).
Glass's position is that these statutes only authorize the imposition of a true split sentence. Standing by itself, section 921.187(1)(g) clearly does not warrant this conclusion. Moreover, in State v. Jones, 327 So.2d 18, 25 (Fla. 1976), overruled on other grounds, State v. Holmes, 360 So.2d 380 (Fla. 1978), and receded from on other grounds, Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980), we construed section 948.01(4), Florida Statutes (1974), the predecessor of section 948.01(8) which contained essentially similar wording, as follows:
We reject the District Court's interpretation of Section 948.01(4) which requires the trial judge at the initial sentencing proceeding to impose a total sentence immediately followed by the withholding of a part thereof for use in the event probation is violated. This interpretation is inconsistent with the procedure for straight probation as authorized by Section 948.01(3), Florida Statutes, and in conflict with Section 948.06, Florida Statutes. The latter authorizes the trial judge, upon a finding that probation has been violated, to impose any sentence he might have originally imposed. Section 948.01(3), Florida Statutes, pertaining to placing a defendant on straight probation, requires the court to stay and withhold the imposition of sentence. The only difference in the wording of Section 948.01(4), Florida Statutes, is the addition of the qualifying word "remainder" in the phrase "withhold the imposition of the remainder of sentence." We read this provision of the statute to mean that the time spent in jail must be within any maximum jail sentence which could be imposed. We find no legislative intent to require an initial imposition of the total sentence.
Further, in Poore we disapproved the opinion of the district court of appeal which had held that there is no statutory authority for probationary split sentences. Finally, in State v. Carter, 553 So.2d 169 (Fla. 1989), we upheld the validity of a probationary split sentence in the face of the district court of appeal opinion which once again questioned the statutory authority for such a sentence.
We acknowledge that Glass makes a legitimate argument for the lack *1102 of statutory authority to impose a probationary split sentence. However, section 921.187(1)(g) is susceptible to the interpretation that it authorizes a probationary split sentence. While section 948.01(8) appears to describe a true split sentence, it does not preclude the imposition of a probationary split sentence. We are also cognizant of the principle that a court should be consistent in its construction of statutes and should establish a stable interpretation upon which affected parties should be entitled to rely. Swanson v. J.L. Shiely Co., 234 Minn. 548, 48 N.W.2d 848 (1951); Jackson v. Unity Indus. Life Ins. Co., 142 So. 207 (La. App. 1932); 82 C.J.S. Statutes § 312 (1953). See In re Burtt's Estate, 353 Pa. 217, 44 A.2d 670 (1945) (statutory construction should not be altered upon changed view of new personnel on the court). Therefore, upon consideration, we reaffirm our position that courts are authorized to impose probationary split sentences and answer the rephrased certified question in the affirmative.
We approve the decision of the district court of appeal.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
In Poore v. State, 531 So.2d 161 (Fla. 1988), this Court relied on Florida Rule of Criminal Procedure 3.986 as express authority for the probationary split sentence. That rule resulted from a rule change in 1981 to provide the two alternative split sentences. The change was implemented to codify the trial practice of utilizing both the true split and the probationary split sentences. That practice had been authorized by this Court in 1976 by State v. Jones, 327 So.2d 18 (Fla. 1976), overruled on other grounds, State v. Holmes, 360 So.2d 380 (Fla. 1978), and receded from on other grounds, Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980). Thus, the majority's conclusion is compelled by Jones. When all the pertinent statutes are read in pari materia, however, I believe the statutory interpretation of Jones was not correct.
NOTES
[*] Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla. 1980).