CAWTHON, Senior Judge.
Appellant appeals his conviction, contending that the trial court violated his rights against double jeopardy by sentencing him to a probationary split sentence.
We find that the sentence is not violative of double jeopardy. We remand, however, for correction of error in the written judgment and sentence.
The appellant violated his community control when he was arrested for petit theft and aggravated assault. Upon sentencing, the trial judge revoked the community control and sentenced appellant to a three year prison term to be followed by the unfulfilled portion of his probation.
On appeal, appellant alleged that a probationary split sentence violated his rights against double jeopardy. We disagree. The Florida Supreme Court recently addressed this question in Glass v. State, 574 So.2d 1099 (Fla.1991), where it held that courts are authorized to impose probationary split sentences.
We therefore affirm, but remand for correction of the written judgment, sentence and order. The order appears to set a termination date for appellant’s probationary period. This is in error. The final order must reflect the judge’s sentence of a term of three years, to be followed by two years of probation. It is therefore remanded for correction.
ERVIN and WIGGINTON, JJ., concur.