PER CURIAM.
Ralph William Lane has appealed from an order of the trial court summarily denying his motion for post-conviction relief, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm in part, reverse in part, and remand for further proceedings under the rule.
In March 1989, Lane pled nolo conten-dere to second-degree murder, a first-degree felony punishable by life. § 782.04(2), Fla.Stat. (1987). He was sentenced to twelve years incarceration, followed by ten years probation; no appeal was taken. Lane thereafter filed the instant motion, alleging that 1) his plea was coerced by threats of severe punishment by the state attorney; 2) he was not guilty; 3) his trial counsel was ineffective; and 4) his probationary split sentence was illegal. The trial court summarily denied the motion, finding that the allegations were refuted by the written plea agreement. The order purports to attach a copy of that agreement, but no such copy appears in our record.
Lane’s motion was correctly denied as to grounds 2) and 4) set forth above. The former should have been raised on direct appeal, and the type of sentence complained of in the latter was validated in Glass v. State, 574 So.2d 1099 (Fla.1991). As to grounds 1) and 3), the trial court found them refuted by Lane’s written plea agreement. However, a copy of that agreement is not attached to the order as required by Rule 3.850. Therefore, as to grounds 1) and 3) only, the order of the trial court is reversed, and the case remanded for either attachment of those portions of the files and records conclusively showing that Lane is entitled to no relief, or for further proceedings in accordance with Rule 3.850. The order is in all other respects affirmed.
*960 Reversed and remanded with directions.[1]
JOANOS, C.J., and SHIVERS and ZEHMER, JJ., concur.

. Because reversal in this case is based entirely on the trial court's omission to attach those portions of the files and records conclusively showing that Lane is entitled to no relief, we do not request a response from the Attorney General prior to reversal as set forth in Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).