BOYD, Justice.
Petitioner in this habeas corpus proceeding was arrested and tried in March 1964 in the Municipal Court of the City of Miami Beach for shoplifting. He was found guilty and sentenced to sixty (60) days’ imprisonment. After serving eighteen (18) days of the sentence, petitioner “wrote to the judge who gave him an option of a suspended sentence and an O.T., i. e. out-of-town, or informal banishment.” On March 31, 1969, petitioner was arrested in Miami Beach and charged with shoplifting but was found not guilty. The old charge was found in petitioner’s court file and was reinstated; There were forty-two (42) days remaining to be served. Petitioner served two (2) of these days in the Miami Beach jail and is to serve the remaining forty (40) days in the Dade County Stockade.
Petitioner contends that his incarceration is illegal because: (1) It amounts to a restraint on petitioner’s freedom of movement in violation of the commerce clause, the privileges and immunities and the due process clauses of the Federal Constitution and corresponding provisions of the Florida Constitution. (2) Banishment of petitioner from the city is cruel and unusual punishment prohibited by the Federal and Florida Constitutions. (3) A municipal court in Florida has sentencing power which is strictly limited to maximum sentences of sixty (60) days so the indefinitely extended suspended sentence is invalid.
We issued the writ. Petitioner is not presently incarcerated. He was released from custody on his own recognizance by the United States District Court, Southern District of Florida. That order, dated April 8, 1969, provides his release shall continue pending disposition df the writ of habeas corpus issued by this court.
Respondents in their return admit the facts stated in the petition but contend that since petitioner, of his own volition, asked court to turn him loose in return for his promise to stay out of town, he cannot now complain, when, on returning to the jurisdiction, he is made to complete the service of his sentence.
There is no merit to this. argument in view of the fact that the court was without power to indefinitely suspend a sentence in return for petitioner’s promise, to stay out of town. The maximum imprisonment authorized by the City Charter of the City of Miami Beach has long since expired[1] and the respondents have failed to suggest any valid basis for petitioner’s confinement.
In view of the foregoing, the City may not now reinstate the 1964 sentence and petitioner is entitled to be released from all further restraints resulting therefrom.
It is so ordered.
ERVIN, C. J., and DREW, CARLTON and ADKINS, JJ., concur.

. Laws of Florida 1935, Chapter 17596, Section 1: “Section 1. That the City of Miami Beach, Florida, shall have the power to adopt such Ordinances as may be deemed necessary to enjoy all the powers heretofore or hereafter granted to said City and to enforce the observance of such Ordinances and to provide penalties for the violation of such Ordinances by a fine not exceeding $1,000.00 or by imprisonment in the City Jail or County Jail, or at hard labor on the streets or other work of said City, and imprisonment in jail shall include such work, for a term not exceeding ninety days, or by both such fine and imprisonment, or to provide one penalty for the violation of such of its Ordinances as do not contain provisions for penalties for their violation.” (e. s.)