294 So.2d 771

**William J. ADAIR**

v.

**STATE.**

**2 Div. 131.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

——◆——

No brief from appellant.

William J. Baxley, Atty. Gen. and John M. Gruenewald, Asst. Atty. Gen., for the State.

CLARK, Supernumerary Circuit Judge.

The record before us at this time shows that on September 27, 1972, appellant was convicted of grand larceny, as charged in an indictment, and sentenced to imprisonment in the penitentiary for four years. He filed a motion for a new trial, which was overruled. He took an appeal to this Court, which appeal was dismissed by this Court on May 16, 1973. On November 12, 1973, through his employed attorney, he filed in the court convicting him a petition for writ of error coram nobis. The petitioner recited the fact and date of the conviction and sentence and alleged that thereafter petitioner filed "his Writ of Habeas Corpus in the United States District Court . . . which petition was denied on the ground that the Petitioner had not availed himself of his rights by way of coram nobis, and had therefore not exhausted the remedies available to him under the laws of the State of Alabama." The petitioner further alleged that at the trial "he was denied rights secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and by relevant provisions of the Constitution of the State of Alabama in that the State of Alabama introduced evidence against Petitioner which was the fruit of an unlawful search and seizure in violation of Petitioner's rights as aforesaid." A motion to dismiss the petition was filed by the State on November 21, 1973. The trial court granted the motion to dismiss by an order and judgment filed in the clerk's office on December 12, 1973. On December 20, 1793, a notice of appeal was filed by petitioner-appellant as shown by the certificate of the clerk of the trial court.

This appeal from the order or judgment of the trial court granting the State's motion to dismiss the petition for writ of error coram nobis was submitted on brief of appellee on April 25, 1974.

The transcript now considered by us contains a record of the proceedings on the trial of the case, in which defendant was convicted of larceny. In brief of appellee, the State endeavors to support the validity of the judgment of conviction and sentence by efforts to show affirmatively that there was no error committed on the trial of the case, that the verdict was consistent with the evidence presented and that the sentence was not excessive.

█ As the appeal presently before us is not from the judgment of conviction and sentence, it is not for us to say herein whether there was any reversible error committed in the trial of that case; as the appeal before us now is solely from the order or judgment of the trial court dismissing the petition for writ of error coram nobis, our function now is to determine whether such judgment was erroneously rendered.

The gravamen of the petition is, as shown above, to the effect that petitioner was denied constitutional rights in that evidence was admitted against him which allegedly was "the fruit of an unlawful

search and seizure in violation of Petitioner's rights as aforesaid."

Although it may have brought about a clearer understanding of the basis for the pivotal averment in the petition for the trial court to have conducted a hearing thereon, we do not find anything in the record of the trial that tends in any way to support the averment. That it was mistakenly directed to the basic case here involved, rather than to a case with a contiguous number, in which appellant was tried for burglary and grand larceny and which is now before this Court on appeal, seems probable, but whether so or not, as the record before us on this appeal conclusively disproves the crucial averment contained in the petition for writ of error coram nobis, we must affirm the judgment of the trial court.

The foregoing opinion was prepared by Honorable Leigh M. Clark, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

Affirmed.

All the Judges concur.