312 So.2d 60

Jewel F. LAPESARDE, alias

v.

STATE.

5 Div. 257.

Court of Criminal Appeals of Alabama.

March 18, 1975.

Rehearing Denied April 22, 1975.

Cleveland Thornton, Tuskegee, Solomon S. Seay, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Grand Larceny: sentence, ten years imprisonment. The conviction came upon a plea of guilty.

I

The appellant plead guilty with a full *Boykin* colloquy as required under Cooper v. State, 53 Ala.App. 36, 297 So.2d 169. After conviction the trial judge pronounced sentence of ten years.

Thereupon appellant asked for suspension of sentence under probation. The cause was postponed until May 20, 1974.

On this latter date appellant seems to have anticipated that the probation officer would give an unfavorable recommendation or perhaps he perceived upon the judge a saturnine cast of countenance. At all events, through counsel, he sought to cancel his former plea.

As grounds his lawyer advanced the notion that he, albeit mistakenly, had thought that the District Attorney would have recommended (or at least not contested) probation. No doubt this was a bona fide belief, though not reciprocal.

Probation is the ultimate and sole responsibility of the trial judge. Each judge has his own idiosyncracies and modus operandi. While we are sure that suggestions properly put on appropriate occasions are welcome, nevertheless when the Areopagitic rhetoric dies and the die of Fate must be cast the lonely seat of decision be-

**656**

longs to no one but the judge. This, in probation, is under the constitutional amendment and its corollary statute. Const.1901, Amendment No. 38; Code 1940, T. 42, §§ 19–26, incl.

Furthermore, agreements between counsel must be in writing.

"No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby." Sup.Ct. Rule 20 & Rule 14 Cir.Ct.Rules [1]

From the foregoing we believe it is demonstrable that the judgment denying the withdrawal of the guilty plea must be

Affirmed.

All the Judges concur.

---

1. See Appendix II ARCP last comment B, as to Rules of Practice in the Circuit, etc.—being superseded in Civil cases only.