329 So.2d 613

**Ricky ARLEDGE**

v.

**STATE.**

**7 Div. 415.**

Court of Criminal Appeals of Alabama.

Feb. 17, 1976.

Rehearing Denied March 16, 1976.

Wilson, Propst & Isom and Gordon F. Bailey, Jr., Anniston, for appellant.

William J. Baxley, Atty. Gen., and Milton C. Davis, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Appeal from a denial of relief by writ of error coram nobis.

I

Arledge was originally convicted of manslaughter in the first degree. After pleading guilty with a full Boykin colloquy he was, on October 18, 1974, sentenced to ten years imprisonment. On January 8, 1975 his application for probation was denied. No appeal was taken from the judgment of conviction.

On July 8, 1975, through a new counsel, Arledge filed a petition for a writ of error coram nobis. Among the allegations were:

"11. That at the time the Petitioner entered into an agreement to withdraw his plea of not guilty to the charge of first degree murder and enter into a plea

of guilty to the charge of manslaughter in the first degree, the Petitioner was under the belief and impression that his timely application for probation would be approved by the Honorable A. B. Cunningham should he plead guilty and testify for the State of Alabama in the trial of the State of Alabama versus Gene Arledge, that the Petitioner did in fact testify at both criminal proceedings wherein Gene Arledge was the Defendant and that the heretofore stated representations made to Petitioner, i. e., that his application for probation would be approved should he testify as stated, were made by the Honorable A. B. Cunningham.

"12. That the Petitioner, because of the above matters related is thereby entitled to a Writ of Error Coram Nobis holding that the plea of guilty and denial of probation by the Honorable A. B. Cunningham in the Circuit Court of Etowah County, is for nought and that such conviction and sentence ought to be set aside for the matters above alleged."

The State did not plead or demur; rather, the trial judge ordered a hearing on the petition. The petitioner also moved in writing that the judge recuse himself. The grounds therefor failed to allege any matter that would have made disqualification mandatory. Compare *Ex parte White*, 53 Ala.App. 377, 300 So.2d 420.

## II

As to the motion for recusal, we hold that this was a matter which addressed itself to the judge's *subjective* reaction to Arledge. The grounds of the motion merely recited, in effect, that Judge Cunningham should disqualify himself because: (1) Arledge believed that Judge Cunningham would have difficulty in believing the petitioner's witnesses; (2) that it was entirely probable that the judge would be called as a witness; and (3) recusal would be in the best interests of the court.

Such reasons afford no objective circumstances to require recusal. Hence, the motion was addressed to the conscience of Judge Cunningham without any outward manifestation of bias or partiality per se.

"(b) The most desirable venue for a post-conviction proceeding is in the court in which the applicant's challenged conviction and sentence were rendered. * * * To guard against prejudice because of the site of the forum, procedure for change of venue should be provided and liberally administered.

"(c) Where jurisdiction is vested in the trial courts and venue is determined as in (b) above, neither a general rule favoring nor one disfavoring submission of post-conviction applications to the same trial judge who originally presided is clearly preferable. If the practice of ordinary assignment to the same judge is adopted, it should be tempered to permit the judge freely to recuse himself in a particular case, whether or not formally disqualified by bias or by being potentially a witness who may testify, whenever he finds it better to have a different judge preside in the case." ABA Standards Relating to Post-Conviction Remedies, § 1.4.

George Rose Smith, J., has, after citing the foregoing standard, written:

"We have recognized the need for a different presiding judge when the one who originally heard the case is biased or, for a want of a record of the first heading, must appear as a witness. *Elser v. State*, 243 Ark. 34, 418 S.W.2d 389 (1967); *Orman v. Bishop*, 243 Ark. 609, 420 S.W.2d 908 (1967). In the case at hand, however, the petitioner asserts no factual basis for his insistence that the assignment of a new judge is constitutionally mandatory. We find nothing in the record to suggest that Judge Enfield was disqualified from acting upon the postconviction petition. * * *" *Meyers v. State*, 252 Ark. 367, 479 S.W.2d

238. See also *Commonwealth v. Leate,* —— Mass. ——, 327 N.E.2d 866.

### III

As to the remedy sought here, we consider that coram nobis is not available.

■ Alabama is liberal in allowing appeals from convictions on guilty pleas— except only where an accused pleads guilty to a non-capital felong *before* indictment. Code 1940, T. 15, § 266. See *State v. Baker,* 268 Ala. 410, 108 So.2d 361. Const. 1901, Amendment 37.

Nothing appears in this record to even hint that the State in anywise frustrated Arledge in taking a direct appeal from the judgment of conviction.

■ Coram nobis is not an omnium gatherum or catchall of accordion like remedies to solve (or salve) all the supposed wrongs of those once duly convicted. Rather it is, in Alabama, a writ to prevent fraud in the procurement of criminal judgments in our courts. *Adair v. State,* 52 Ala.App. 522, 294 So.2d 771.

Harris, J., has written for us:

" * * * The privilege against compulsory self-incrimination is the first right outlined in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and would have been fatal to the judgment of conviction on a direct appeal. There was no appeal from the original judgment of conviction.

"The writ of error coram nobis is not intended to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired. *Thomas v. State,* 280 Ala. 109, 190 So.2d 542." *Mayton v. State,* 52 Ala.App. 626, p. 627, 296 So.2d 249, p. 250.

■ Facts known to an accused debar him from seeking coram nobis. *Eagen v. State,* 280 Ala. 438, 194 So.2d 842. The purported impression on Arledge that he was to receive probation is not adequate. See *Lapesarde v. State,* 54 Ala.App. 654, 312 So.2d 60, wherein we wrote:

"As grounds his lawyer advanced the notion that he, albeit mistakenly, had thought that the District Attorney would have recommended (or at least not contested) probation. No doubt this was a bona fide belief, though not reciprocal.

"Probation is the ultimate and sole responsibility of the trial judge. Each judge has his own idiosyncracies and modus operandi. While we are sure that suggestions properly put on appropriate occasions are welcome, nevertheless when the Areopagitic rhetoric dies and the die of Fate must be cast the lonely seat of decision belongs to no one but the judge. This, in probation, is under the constitutional amendment and its corollary statute. Const.1901, Amendment No. 38; Code 1940, T. 42, §§ 19–26, incl.

"Furthermore, agreements between counsel must be in writing.

" 'No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby.' Sup.Ct. Rule 20 & Rule 14 Cir.Ct. Rules."

The judgment below is

AFFIRMED.

TYSON, HARRIS and DeCARLO, JJ., concur.