21259

Noah Lee HENRY, Appellant, v. STATE of South Carolina, Respondent.

(268 S. E. (2d) 41)

*Chief Atty. John L. Sweeny* and *Staff Atty. Tara D. Shurling,* of *S. C. App. Defense Commission,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen William K. Moore* and *William P. Simpson,* Columbia, *for respondent.*

July 2, 1980.

*Per Curiam:*

Appellant was convicted of committing a lewd act in violation of § 16-413.1, S. C. Code of Laws (1962), Cum. Supp. 1975,[1] and sentenced to six (6) years imprisonment, suspended upon service of four (4) years and five (5) years probation. This appeal is from an order denying appellant's application for post-conviction relief. We affirm.

In the lower court, appellant's attorney moved for the hearing judge to disqualify himself on the basis that he had also presided over appellant's trial.

Other state courts have indicated there is no *per se* rule prohibiting a judge from presiding over a defendant's trial and subsequent post-conviction relief hearing. *See People v. Coleman,* 32 Ill. App. (3d) 949, 337 N. E. (2d) 269 (1975) (judge presided at bench trial and post-conviction proceed-

---

[1] S. C. Code of Laws, § 16-15-140 (1976).

ing) ; *see also Arledge v. State,* 57 Ala. App. 553, 329 So. (2d) 613 (1976) ; *Commonwealth v. Leate,* 367 Mass. 689, 327 N. E. (2d) 866 (1975) ; *Meyers v. State,* 252 Ark. 367, 479 S. W. (2d) 238 (1972) (judge who accepted guilty plea also presided at post-conviction proceeding).

Similarly, the federal courts have held that the sentencing judge may also entertain and determine motions concerning post-conviction relief filed under 28 U. S. C. A. Section 2255. *E.g., U. S. v. Smith,* 337 F. (2d) 49 (4th Cir. 1964), cert. den. 381 U. S. 916, 85 S. Ct. 1542, 14 L. Ed. (2d) 436 (1965) ; *Dukes v. U. S.,* 407 F. (2d) 863 (9th Cir. 1969), cert. den. 396 U. S. 897, 90 S. Ct. 193, 24 L. Ed. (2d) 174 (1969) ; *Lucero v. U. S.,* 425 F. (2d) 172 (10th Cir. 1970).

We hold that absent circumstances requiring a judge's disqualification under Canon 3(C)(1) of the Code of Judicial Conduct, Supreme Court Rule 33, a defendant is not prejudiced by the same judge presiding over both his trial and post-conviction relief hearing. As the record before us indicates nothing which would have justified the judge disqualifying himself, appellant's contention is without merit.

The remaining question concerns appellant's charge that he was denied effective assistance of counsel. The trial judge held that appellant received effective assistance of counsel at trial and in connection with his appeal.

These findings are amply supported by the record and are affirmed.

The Order denying appellant's application for post-conviction relief is affirmed.