BOWEN, Judge.
This is an appeal from the Circuit Court’s denial of Hightower’s petition for writ of error coram nobis.
On April 21, 1978, Hightower was convicted of securities fraud in the Circuit Court of Lamar County. Sentence was three years’ imprisonment and a $5,000.00 fine. The remainder of the facts are substantially identical to those of the related cases of Charles J. Steen and Geraldine Steen v. State, Ala. 79-446 (Ms. September 26, 1980), 14 A.B.R. 2800, on rehearing 15 A.B.R. 571 (Ms. February 6,1981).
“Following timely notices of appeal, Petitioners filed for numerous extensions of time to allow completion of the transcripts. These extension requests were granted by the Court of Criminal Appeals.
*443 “In January of 1980, Petitioners were informed that the trial court reporter had died, and that a new court reporter had been assigned to transcribe the trial notes. Petitioners immediately made application to the new court reporter to proceed with the transcriptions. The new reporter declined because of the difficulties encountered in transcribing another reporter’s notes. The State of Alabama, on February 7, 1980, filed a Motion to Dismiss the Steens’ appeal, which Motion was granted without opinion. Petitioners’ subsequent attempts to have this order vacated resulted in the following order by the Court of Criminal Appeals:
“ ‘It appearing to the Court of Criminal Appeals that obtaining transcripts of the trials in the above-styled causes is impossible, it is hereby ordered that the motion to set aside dismissals and reinstate appeals be and the same is hereby denied.’ ”
This Court overruled Hightower’s application for rehearing on February 22, 1980. Instead of seeking a review of this Court’s order dismissing his appeal by applying to the Supreme Court of Alabama for a petition for certiorari, Hightower returned to the circuit court. Before this Court denied his application for rehearing, Hightower filed a “Motion For New Trial or In The Alternative, Motion For A Re-Trial” on February 14, 1980, in the circuit court. On February 22, 1980, Hightower also filed a “Motion for Error Coram Nobis” in the Circuit Court of Lamar County. At the hearing on the petition for writ of error coram nobis, Hightower attempted to prove, through the testimony of his attorney, that despite his efforts, he had been unable to obtain the court reporter’s transcript of his trial proceedings. On July 17, 1981, the circuit court denied Hightower’s petition for writ of error coram nobis. From this judgment, Hightower appeals.
Hightower’s petition for writ of error cor-am nobis was properly denied.
Initially, we note that a petition for writ of error coram nobis does not lie for the grounds asserted by Hightower. A writ of error coram nobis brings a judgment before thé original trial court for correction because of an error of fact not evident from the face of the record that would have prevented the judgment. The error of fact must have been unknown to the court and to the convicted party at the time of the trial. Smith v. State, 245 Ala. 161, 16 So.2d 315 (1944). The writ has the effect of “a motion for a new trial on the ground of newly discovered evidence.” Groce v. State, 48 Ala.App. 709, 711, 267 So.2d 499 (1972). “The office of the writ of error coram nobis is not that of a delayed appeal but rather is the vehicle to seek review of matters which were not known or could not have been reasonably discovered within the time for taking a direct appeal.” Mayola v. State, 344 So.2d 818, 822 (Ala.Cr.App.), cert. denied, 344 So.2d 822 (Ala.1977).
“Coram nobis is not an omnium gatherum or catchall of accordion like remedies to solve (or salve) all the supposed wrongs of those once duly convicted. Rather it is, in Alabama, a writ to prevent fraud in the procurement of judgments in our courts.” Arledge v. State, 57 Ala.App. 553, 555, 329 So.2d 613, cert. denied, 295 Ala. 390, 329 So.2d 616 (1976). Above all, the writ is not a substitute for other remedies such as an appeal, Goodman v. State, 387 So.2d 862 (Ala.Cr.App.), cert. denied, Ex parte Goodman, 387 So.2d 864 (Ala.1980), or a writ of certiorari. Ex parte Gammon, 255 Ala. 502, 52 So.2d 369 (1951); Ex parte Anderson, 41 Ala.App. 620, 147 So.2d 862 (1962).
The cases are legion which hold that the writ of error coram nobis is not intended to provide review by appeal where the complaining party has not sought appeal and the time for appeal has long since expired. Thomas v. State, 280 Ala. 109, 190 So.2d 542 (1966). A petition filed within the time that an appeal could have been taken should be dismissed. Vincent v. State, 284 Ala. 242, 224 So.2d 601 (1969).
In this case the petition for writ of error coram nobis was filed within the time that Hightower could have filed a petition for writ of certiorari to the Supreme Court *444 of Alabama to review the propriety of the order of this Court dismissing- his appeal as was done by the defendants in the Steen cases. See generally Postconviction Remedies in Alabama, 29 Alabama Law Review 617, 635 (1978); Comment, The Writ of Error Coram Nobis in Alabama, 2 Ala.L. Rev. 281 (1950).
Hightower is attempting to use this appeal from the denial of his petition for writ of error coram nobis to review the order of this Court dismissing the appeal of his conviction. This is evident from the first sentence of the Argument section of his brief on appeal which reads: “It is clear from the facts of this case that the defendant, High-tower, was denied procedural due process in the dismissal of his appeal by the Court of Criminal Appeals ...” In fact, Hightower’s entire brief is directed to the issue that this Court erred in dismissing his appeal.
In brief Hightower acknowledges that he is seeking an appeal of his conviction: “All Hightower wants is an opportunity for judicial review of the evidence presented at the trial of his case.” This is not the office or function of coram nobis. Only a new trial is obtained if coram nobis is granted. 29 Ala.L.Rev. at 634 and authorities cited.
Furthermore, we note that Hightower’s “Motion for Error Coram Nobis” is totally inadequate as a petition for writ of error coram nobis. It alleges no grounds upon which the writ could or should be granted, it contains no allegation that Hightower is innocent or has a valid defense to the crime for which he stands convicted, Seibert v. State, 343 So.2d 788 (Ala.1977), and it does not describe the specific facts on which Hightower bases his claim that his rights were invaded. Thomas v. State, 274 Ala. 531, 150 So.2d 387 (1963). Generally see A. Cates, Post Conviction Remedies, 28 Ala. Law. 257, 271 (1967).
After his appeal was dismissed by this Court, Hightower’s only legal and proper remedy was through petition for writ of certiorari in the Supreme Court of Alabama. Rule 39, A.R.A.P. By the very nature and function of the writ and by the limited jurisdiction of the circuit court, a petition for writ of error coram nobis in a circuit court cannot be used as the vehicle to review a judgment of this Court. The judgment of the circuit court denying High-tower’s “Motion for Error Coram Nobis” is affirmed.
AFFIRMED.
All Judges concur.