430 So.2d 888 (1983)
Ali R. YADYASER
v.
STATE.
3 Div. 662.
Court of Criminal Appeals of Alabama.
March 1, 1983.
Rehearing Denied May 3, 1983.
*889 Barry A. Leavell and Howard Mandell, Montgomery, for appellant.
Charles A. Graddick, Atty. Gen., and Patricia E. Guthrie, Asst. Atty. Gen., for appellee.
BARRON, Judge.
The appellant, an Iranian national, was convicted in the Montgomery Circuit Court of theft of property in the second degree in violation of § 13A-8-4, Code of Alabama 1975.
Appellant was sentenced to a term of thirteen months' imprisonment in the penitentiary and assessed a fine of $500. The court granted appellant's request for probation, placing the appellant on probation for thirteen months conditional upon appellant's serving twelve months in the county jail. The court further suspended the twelve month sentence and the fine, provided appellant furnish the court with a one-way ticket back to his native Iran or any other approved foreign country.
On March 18, 1982, the appellant was observed by a security officer for J.C. Penney Company placing various items of merchandise in a bag. The security officer testified that he observed the appellant then leave the store, making no attempt to pay for the merchandise. The officer confronted the appellant with his observations immediately after appellant had left the store, and took appellant into custody.

I
Appellant alleges that it was error for the trial court not to instruct the jury with the following charge, which appellant contends he requested at trial:
"Proof of good character of the Defendant, in connection with all other evidence, or lack of evidence, may generate a reasonable doubt which entitles the Defendant to an acquittal, even though without such proof of good character the jury would be prone to convict."
The principle of law contained in the alleged omitted charge was substantially addressed elsewhere in the instructions to the jury, as follows:
"... You have heard some witnesses talk about character, proof of good character of the Defendant, and taken in connection with all the other evidence can generate this reasonable doubt that I have *890 talked to you about, would entitle the Defendant to an acquittal."
Thus, it was properly within the discretion of the trial court to refuse the charge. Franklin v. State, 405 So.2d 963, writ denied, 405 So.2d 966 (Ala.Cr.App.1981).

II
The second issue raised by the appellant challenges the propriety of the trial court's basing probation on a requirement that appellant present to the court a one-way ticket back to his homeland of Iran (or, due possibly to the present turmoil in that country, some other "approved" foreign destination). Appellant is a citizen of Iran who has resided for the past seven years in the United States. He has relatives in Iran. He has attended post secondary schools in Alabama.
The appellant argues that this requirement for probation is in effect a "summary deportation order," which is in conflict with the supremacy clause of the U.S. Constitution. The appellant correctly submits that: "It is well settled that Congress has plenary power over the admission of aliens and their right to remain in the United States." Bronsztejn v. Immigration & Naturalization Service, 526 F.2d 1290, 1291 (2d Cir.1975); Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1953).
The appellant also claims the condition is a violation of the equal protection clause of the Fourteenth Amendment and is a form of "inherently suspect classification" based on alienage and is therefore due close judicial scrutiny. Graham v. Richardson, 403 U.S. 365, 372, 91 S.Ct. 1848, 1852, 29 L.Ed.2d 534 (1971). Since there was no state legislative action or classification against aliens, there is a distinction between this case and cases cited by appellant as to unconstitutional classifications. The trial court itself cannot be said to have established a "suspect classification" when it created a voluntary condition of probation of appellant on facts having to do with appellant's alienage.
Other states have addressed somewhat similar cases. In State v. Gilliam, 274 S.C. 324, 262 S.E.2d 923 (S.C.1980), a lower court proposed an agreement that sentencing would be indefinitely deferred for as long a period as appellant remained outside of the State of South Carolina. The South Carolina Supreme Court ruled that this was an illegal banishment agreement which was impliedly prohibited by public policy. But cf. Mansell v. Turner, 14 Utah 2d 352, 384 P.2d 394 (1963) (a similar condition was neither "banishment" nor violative of U.S. Constitution).
Another banishment case was State Ex Rel. Baldwin v. Alsbury, 223 So.2d 546 (Fla. 1969). In 1964, a Florida court indefinitely suspended a sentence of sixty days for shoplifting in return for a defendant's promise to stay out of town. When the defendant was found to have returned to town in 1969, the maximum imprisonment for the shoplifting offense (ninety days) had expired, and the Florida Supreme Court ruled that the sentence could not be reinstated.
In the case of Hernandez v. State, 613 S.W.2d 287 (Tex.Cr.App.1981), the court struck down a probation agreement that prohibited an appellant's reentry into the United States without prior consent of the district court. The Texas court indicated that prohibition or other regulation of the reentry of an alien was in conflict with the supremacy clause which dictates that federal immigration law controls the circumstances under which an appellant may or may not enter the United States. See Hines v. Davidowitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941); Takahashi v. Fish and Game Commission, 334 U.S. 410, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948).
The court in these cases was confronted with conditions different from that imposed in the instant case. These cases imposed conditions that were in effect banishment from the state, city, or country, with sanctions that would be imposed based on reentry into the banishing jurisdictions. Such is not the case here presented. Were any such banishment from the United States a condition of the probation, this court would scrutinize that condition for possible conflicts with the supremacy clause.
*891 It should be noted that there are cases in which a condition of probation requiring a prisoner to leave the United States and not return have withstood such scrutiny. In re Cammarata's Petition, 341 Mich. 528, 67 N.W.2d 677, cert. denied, 349 U.S. 953, 75 S.Ct. 881, 99 L.Ed. 1278 (1954).
Probation is a privilege that is entirely within the discretion of the trial judge, and there is no inherent right to probation that could be infringed in this case. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Probation is not a right but a matter of grace that is the sole responsibility of the trial judge. Lapesarde v. State, 54 Ala.App. 654, 312 So.2d 60 (1975); English v. State, 53 Ala.App. 656, 303 So.2d 156 (Ala.Cr.App. 1974); Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875, cert. denied, 270 Ala. 737, 121 So.2d 881 (1960).
Because the trial court did not prohibit the appellant from coming to the United States or Alabama, there was no deportation or banishment. There is no evidence of a scheme by the court that orders Iranians or persons of any other nationality out of the state or country.
In the instant case, a twelve-month sentence and a $500 fine were suspended solely upon the presentation by the appellant of a "one-way [airplane] ticket to go back home." The court agreed that the appellant could instead purchase a ticket to Frankfort, Germany.
The appellant was not banished from either the court's jurisdiction or the United States for any set period of time. In fact, nothing in the probation conditions prohibited appellant from immediately, upon arrival in Frankfort, purchasing another one-way ticket back to the United States, if the federal immigration laws so permitted.
We hereby find that this condition of probation, although possibly unorthodox, is not in conflict with the supremacy clause and was properly within the broad discretion granted the trial court in determining conditions of probation.
AFFIRMED.
DeCARLO, P.J., and HARRIS and BOWEN, JJ., concur.
TYSON, J., dissents.
TYSON, Judge, dissenting.
I respectfully dissent from the majority's opinion in that to me the trial judge's action in directing the appellant to present to the court a "one-way ticket back to his homeland, or other approved foreign destination," constitutes an unlawful banishment. Bullock v. State, 392 So.2d 848 (Ala.Cr. App.) cert. denied, 392 So.2d 852 (Ala.1980).