HUBERT TAYLOR, Judge.
Appellant, Jack Wesley Tice, was charged with possession of controlled substances under a three-count indictment, each count charging possession of a different substance, namely, pentazocine, methamphta-mine, and marijuana. Appellant was convicted on each count and given three consecutive ten year sentences. On June 25, 1982, appellant filed an appeal, but on March 14,1983, had the appeal dismissed on his own motion. A pro se petition for writ of error coram nobis was filed by appellant on March 21, 1983, in the Circuit Court of Montgomery County. The petition was denied without an evidentiary hearing on April 22, 1983. This appeal followed.
Appellant alleges that he possessed all of the controlled substances named in the indictment at the same time and place. A recent case directly on point is Vogel v. State, 426 So.2d 863 (Ala.Cr.App.1980), aff’d as to other issues,- writ quashed as to instant issue, 426 So.2d 882 (Ala.1982). That case held that possession of different controlled substances at the same time and place constituted one felony and not several.
In this particular appeal, we must affirm the order of the lower court. The subject matter of appellant’s petition, a ruling by this court in the 1980 Vogel case, is something that could have been known at the time of the appeal. Error coram nobis is not a substitute for appeal. Additionally, the petition does not contain the affidavit required by Stephens v. State, 420 So.2d 826 (Ala.Cr.App.1982). However, if the record of the underlying trial bears out appellant’s allegations, it would be appropriate for him to petition for, writ of habeas corpus to challenge the jurisdiction of the sentencing court.
AFFIRMED.
TYSON and HARRIS, JJ., concur.
BOWEN, P.J., concurs in result only.
SAM W. TAYLOR, J., recuses himself.