Jack Wesley Tice was charged in a three-count indictment with the illegal possession of three different controlled substances. He was convicted and sentenced to ten years' imprisonment in each case, with the sentences to run consecutively.
While in prison, Tice filed a pro se petition for writ of habeas corpus alleging that he had been improperly sentenced. The petition was granted on authority of Vogel v. State,426 So.2d 863, 881-82 (Ala.Cr.App. 1980), affirmed, 426 So.2d 882
(Ala. 1982), which held that the simultaneous possession of several types of drugs, where the fact of possession occurs at the same time and in the same place, does not constitute multiple possession offenses authorizing separate sentences.435 So.2d 1384.
On resentencing, the circuit judge sentenced Tice as a habitual offender to fifteen years' imprisonment. Tice contends that the circuit judge enhanced his punishment merely because he chose to exercise his civil rights and attack his sentence.
Due process prevents a judge from acting vindictively by inflicting a harsher punishment on a defendant for exercising his constitutional right to appeal. North Carolina v. Pearce,395 U.S. 711, 725-26, 89 S.Ct. 2072, 2080-2081, 23 L.Ed.2d 656
(1969). Under United States v. Monaco, 702 F.2d 860, 883-885
(11th Cir. 1983), we find no "realistic likelihood of vindictiveness." Here, Tice's original sentence of thirty years was actually reduced to fifteen. In determining a Pearce
violation, sentences are not compared on a "count-by-count" basis. 702 F.2d at 884, n. 47. It is the aggregate sentence which is considered.
Here, the range of potential sentence was from ten years to life imprisonment. Tice was resentenced by a different judge than the one who imposed the initial sentence. After all is said, the simple fact remains that Tice received a more lenient sentence on resentencing.
The judgment of the circuit court is affirmed.
AFFIRMED.
TYSON, HARRIS and HUBERT TAYLOR, JJ., concur.
SAM TAYLOR, J., recuses himself.