TYSON, Judge.
William J. Finn was found to be in contempt of court by the Municipal Judge for the City of Fultondale, Alabama. The municipal judge fined Finn $50 and sentenced him to five days in the Jefferson County Jail.
The record reveals that on July 22, 1982, Judge Young, the Municipal Judge for the City of Fultondale, ordered the incarceration of one Wally Yeager. On either July 23, 1982 or August 6, 1982, William Finn, Chief of Police for the City of Fultondale, placed 1 Yeager on “work release”. This was done without consulting the municipal judge. Yeager’s incarceration was for nonpayment of fines.
On October 12, 1982, Judge Young issued an “Order for Rule Nisi to Issue” commanding Chief Finn’s presence on October 28, 1982 to show cause why Finn should not be held in contempt of court for his willful and intentional violation of the court’s order of July 22, 1982 and for an evidentiary hearing on all facts and circumstances surrounding the matter. After the hearing on this matter on October 28, 1982, Judge Young issued findings of fact and judgment finding Finn in contempt of court on November 17, 1982.
Chief Finn sought review of this decision by petition of writ of certiorari in the Jefferson County Circuit Court. On January 28, 1983, a hearing was held before the Jefferson County Circuit Court and the circuit court judge affirmed the summary contempt power of the municipal judge, held that the municipal judge was without power to order Finn placed in the county jail and returned the case. No further review of the contempt proceeding was sought in the appellate courts of this state.
Some six months later, on July 1, 1983, Finn filed a petition for writ of error coram nobis in the municipal court alleging “newly discovered evidence” and further claiming that he was denied due process at his contempt hearing. Finn’s petition for writ of error coram nobis was denied after a hearing on February 24, 1984 and he appealed this decision to the Circuit Court of Jefferson County. The petition was again denied after a hearing on May 30, 1984, hence this appeal.
I
The threshold question in this cause is whether coram nobis is the proper remedy by which to seek review of Finn’s contempt conviction. It should be noted initially that a number of cases in Alabama hold that the proper remedy with which to seek review of an “order made in proceeding for contempt of court is by habeas corpus if the contemner is in jail, or by writ of certiorari if he is not.” Graham v. State, 427 So.2d 998 (Ala.Crim.App.1983) and cases cited therein.
Further it has long been held by the courts of this state that the writ of error coram nobis is “not to be used as a substitute for appeal”, it “does not lie to enable a *201 defendant to question the merits of his case” and it is “not intended to provide appellate review where the defendant did not seek to review the matter on appeal.” See Tice v. State, 435 So.2d 1384 (Ala.Crim.App.1983); Bennett v. State, 432 So.2d 27 (Ala.Crim.App.1983); Hightower v. State, 410 So.2d 442 (Ala.Crim.App.1981), cert. denied, 410 So.2d 442 (Ala.1982).
“Coram nobis does not lie to enable a petitioner to question the merits of a case or to correct an error of fact which has been adjudicated, even though wrongfully determined. Divine v. State, 285 Ala. 488, 492, 234 So.2d 28 (1970). The writ is not available to review questions of fact which have been tried beforehand. Henderson v. State, 45 Ala.App. 143, 144, 227 So.2d 140 (1969).” Johnson v. State, 439 So.2d 1340, 1342 (Ala.Crim.App.1983). “Nor does it serve as a second review of those issues previously raised or not initially raised on appeal. Adams v. State, 281 Ala. 432, 203 So.2d 448 (1967); Butler v. State, 279 Ala. 311, 184 So.2d 823 (1966); Thigpen v. State, Ala.Cr.App. 374 So.2d 401, cert. denied, Ala. 374 So.2d 406 (1979); Summers [v. State, 366 So.2d 336 (Ala.Crim.App.1978), cert. denied, 366 So.2d 346 (Ala.1979) ], supra; Groce v. State, 48 Ala.App. 709, 267 So.2d 499 (1972).” Bass v. State, 417 So.2d 582, 584 (Ala.Crim.App.), cert. denied, 417 So.2d 588 (Ala.1982).
In this cause the appellant had a full hearing before the municipal court to determine whether he should be held in contempt of court. The decision of the trial judge to hold him in contempt was reviewed by petition for writ of certiorari and a hearing on said petition was held in the Circuit Court of Jefferson County. This appellant did not then seek his proper remedy for review of the decision by certio-rari of his contempt conviction.
The appellant should have filed a petition for writ of certiorari in this court seeking review of the original contempt proceeding. Pursuant to the above authorities, the appellant cannot now seek review of his contempt proceeding by writ of error coram nobis, having failed to seek review by the proper remedy.
For the reasons stated above, the action of the courts below in denying the coram nobis petition is affirmed.
AFFIRMED.
All the Judges concur.