PATTERSON, Judge.
Appellant, Rebecca Donise Bowers, was indicted by a Montgomery County grand jury for receiving stolen property in the second degree. Appellant waived arraignment and entered a plea of guilty to the offense charged in the indictment. After a sentence hearing, the trial court issued a three-year suspended sentence to appellant, with the condition, among others, that appellant serve the first Monday and Tuesday of each month, for a period of eight months, in the Montgomery County Jail. The intermittent incarceration is the subject of this appeal.
Appellant contends that the trial court abused its discretion when it sentenced her to an intermittent incarceration as a condi *1204 tion of probation, in the absence of any statutory authority.
The trial court’s order that the appellant serve the first Monday and Tuesday of each month in the Montgomery County Jail as a condition of probation presents an issue that has not been specifically addressed in any Alabama case law. We recognize that the States, where incarceration is not specifically authorized by statute as a probation condition, have been divided in deciding the issue.
“In states where no specific statute authorizes jail time as a probation condition, some courts have held that the general catchall provisions in the state probation statutes are sufficiently broad to permit this sanction. Courts in other states have taken the opposite view, ruling that jail time cannot be required as a probation condition absent specific statutory authority. Their reasoning is that since probation, by definition, involves conditional liberty without incarceration, it is inconsistent to impose confinement as a condition of probation.”
N. Cohen, The Law of Probation and Parole, § 6.07 (1983) (footnotes omitted).
The primary inquiry in determining the range of permissible conditions under the Alabama Probation Statutes, §§ 15-22-50 through -52, Code of Alabama 1975, must be the original and continuing legislative intent as reflected in the language of the enacted legislation. The particularly ameliorative nature of probation statutes compels a liberal interpretation of the discretionary powers conferred on the circuit courts of Alabama. Wray v. State, 472 So.2d 1119 (Ala.1985); State v. Esdale, 253 Ala. 550, 45 So.2d 865 (1950). See also Creps v. State, 94 Nev. 351, 581 P.2d 842, 848 (1978). Our analysis will focus on the language and background of §§ 15-22-50 through -52 to determine the permissible conditions of probation intended by the legislature in the establishment of the above-stated statutes.
First, the language of § 15-22-52, Code of Alabama 1975, fails to reveal any legislative attempt to circumscribe or define the discretionary sentencing powers conferred on the circuit court. The statute reads, in part, as follows:
“The court shall determine and may at any time modify the conditions of probation and may include among them the following or any other conditions.” (Emphasis added.)
It is our opinion that the phrase “any other conditions” places a great deal of discretionary authority with the trial court. “Probation is the ultimate and sole responsibility of the trial judge.” Lapesarde v. State, 54 Ala.App. 654, 312 So.2d 60, 61 (1975). See also Yadyaser v. State, 430 So.2d 888, 891 (Ala.Cr.App.1983). “The matter of probation is discretionary with the Trial Court.” Driggers v. State, 344 So.2d 226, 227 (Ala.Cr.App.1977).
More specifically, § 15-22-52(6) gives the trial court authority to require the defendant to “remain in a specified place.” Although § 15-22-52(6) does not expressly provide incarceration as a condition of probation, when read in conjunction with the language found in § 15-22-52, it is sufficiently broad to allow the court to order a condition such as intermittent incarceration. We find that it is apparent from the broad language of § 15-22-52(6) that the legislature intended the courts to have maximum flexibility to fashion the sentence most appropriate to the individual defendant. The statute therefore must be liberally construed. State v. Jones, 327 So.2d 18 (Fla.1976); State v. Wagenius, 99 Idaho 273, 581 P.2d 319, 325 (1978).
In reviewing the parameters of our statute, we have found the following discussion of policy considerations to be helpful:
“The use of a jail term as a probation condition engenders much conflicting opinion. At the heart of the dispute is disagreement over two fundamental issues. First, must probation conditions be rehabilitative or can they also serve a punitive function? Second, if probation terms must be rehabilitative, does a condition requiring jail time serve this purpose?
“Those who oppose this condition see incarceration in any form as essentially punitive. Probation terms, they argue, *1205 should be rehabilitative, not punitive. If incarceration is not appropriate as a sentence for the offense, a jail condition, it is contended, is also inappropriate as a probation condition. In other words, probation should only be used in lieu of incarceration, not in addition to incarceration. Also, the probationer serving time in jail as a condition of probation may, depending on the exact terms, suffer the same stigma, degradation, job loss, and family hardship which, in appropriate cases, are factors suggesting the propriety of probation rather than incarceration.
“On the other hand, proponents of this condition, who now include most modern authorities, argue that the use of split probation adds considerable flexibility to a sentencing court’s arsenal. It serves several rehabilitative functions. Its imposition demonstrates to offenders the seriousness of their conduct and gives them time to reflect on their misdeeds. It also provides exposure to what lies ahead if they do not change their behavior, thereby serving as an individual or special deterrent. Moreover, in those jurisdictions where parole supervision is unavailable after a jail term for a misdemeanor, the use of jail as a probation condition could provide postrelease supervision. Since this sentencing alternative would authorize needed social services without the necessity of a felony conviction, it could be very helpful in plea bargaining.
“A jail condition adds a punitive dimension to probation. Victims, prosecutors, and judges, who might otherwise oppose probation because of the perceived lack of punishment, may be more amenable to probation if a short jail term is added as a condition. This condition would also indicate to the offender and the public the seriousness of the offense. Yet, because of its short duration, a carefully structured jail term requirement would let the probationer escape some of the personal and family hardships accompanying more lengthy periods of incarceration. Where incarceration is on evenings or weekends, for example, probationers can continue to hold jobs and support their families. Finally, a short term in jail followed by probation is less expensive to the government than a longer period of incarceration. Decision makers interested in saving public funds or relieving overcrowded penal facilities may be persuaded by defense counsel to try split probation rather than more drastic sentencing alternatives.
“In the final analysis, this halfway house between incarceration in a penitentiary and a probationary period lacking any jail time should prove attractive to judges who favor the rehabilitative values of probation but remain fearful that probation will not provide a sufficient deterrent to future criminal activity. Defense attorneys should be alert to suggesting this accommodation when a judge appears inclined to reject probation.”
N. Cohen, supra, at § 6.07 (footnotes omitted).
Any condition imposed by the trial court must be designed to meet the ends of rehabilitation and protection to the public. Markley v. State, 507 So.2d 1043, 1051 (Ala.Cr.App.1987). Consideration must be given to the following: “(1) the purposes sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement.” Id. (quoting United States v. Lowe, 654 F.2d 562, 567 (9th Cir.1981)).
We feel that the trial court’s order for appellant to serve the first Monday and Tuesday of each month in the county jail for a period of eight months serves the several rehabilitative functions cited by the commentator quoted above. Moreover, requiring appellant to serve two days a week in the county jail as a condition of her probation allows her to continue to hold her job and support her family. Finally, a short term in jail followed by probation is far less expensive to the State of Alabama and assists the State in alleviating the problem of prison overcrowding.
*1206 In sum, we find that the probation condition requiring appellant to serve two days a week in the county jail for a period of eight months is authorized by our statute and is within the broad discretion of the trial court. Moreover, it is our belief that in certain cases intermittent incarceration imposed as a condition of probation is a beneficial tool in the rehabilitation of convicted persons and that such condition has a useful and proper place among the sentencing alternatives available to the trial courts of Alabama.
This court has reviewed all issues raised on this appeal and finds the remaining issues to be procedurally barred, because of appellant’s failure in the lower court to preserve them for review. Accordingly, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.