PATTERSON, Presiding Judge.
Appellant, Michael Lynn Mize, pleaded guilty on January 24, 1990, to driving under the influence of alcohol, and he was sentenced to serve 180 days in the Gadsden city jail. The execution of sentence was suspended and appellant was placed on probation for two years, subject to the following conditions: (1) continued good behavior, (2) enter an in-house alcohol treatment facility within 30 days and complete the program, (3) after being released from the in-house treatment program, enroll in and attend Alcoholics Anonymous (AA) twice a week for 6 months, and thereafter attend AA once a week for the balance of the two-year probationary period, and (4) report on a regular basis to the Substance Abuse Council.
The trial judge subsequently amended the sentence on February 21, 1990, because appellant was not accepted in an in-house treatment program. In substitution of provision two of the original probation order, the court amended the earlier sentence as follows:
“2. Defendant shall serve thirty (30) days in the Gadsden City Jail which said thirty days shall be served as follows: Defendant shall report to the Gadsden City Jail at 6:00 p.m. on Monday, February 26, 1990, and remain there for thirty (30) days. Defendant shall receive credit against his sentence for the said thirty (30) days.
“3. After his release from serving said thirty (30) days, the Defendant shall complete Level II DUI school.”
On the evening that appellant arrived to begin his 30-day incarceration, it appeared to the jail wardens that he was intoxicated. They videotaped appellant at the jail. Based on appellant’s conduct, as shown by the videotape, the city moved to have his probation revoked, alleging that he had violated the probation condition that he remain on continued good behavior.
After reviewing the videotape of appellant, the trial judge concluded that appellant was intoxicated, in violation of the condition of his probation requiring continued good behavior. However, instead of revoking appellant’s probation, the trial judge amended the February 21, 1990, sentence, requiring appellant to serve an additional 30 days in jail. Furthermore, the court amended the probation order to require appellant to remain drug-free and alcohol-free and not to use alcohol in any form.
Appellant contends that the trial judge erred to reversal by ordering him to serve an additional 30 days in jail, as a condition of his probation, even though the trial judge denied the city’s motion for probation revocation. We find this contention to be without merit. Section 15-22-52, Code of Alabama 1975, reads, in pertinent part, as follows:
“The court shall determine and may at any time modify the conditions of probation and may include among them the following or any other conditions. Such conditions may provide that the probationer shall:
[[Image here]]
“(6) Remain within a specified place.” (Emphasis added.)
This court recently interpreted § 15-22-52(6) as broad enough to allow a trial judge to order intermittent incarceration as a condition of probation. See Bowers v. State, 565 So.2d 1203 (Ala.Cr.App.1990). “[I]t is apparent from the broad language of § 15-22-52(a) that the legislature intended the courts to have maximum flexibility to fashion the sentence most appropriate to the individual defendant. The statute therefore must be liberally construed.” Id. at 1204. (Citations omitted.)
The modification of appellant’s probation order, requiring him to serve 30 days in jail, cannot be understood as being inconsistent with the trial judge’s denial of the city’s motion for revocation. In fact, a court “may at any time modify the condi *1244 tions of probation,” § 15-22-52. The denial of the motion for revocation did not prevent the trial judge from modifying appellant’s probation.
The appellant’s remaining contentions, i.e., that the evidence was insufficient to support the court’s order; that the court’s original order failed to provide adequate notice that alcohol consumption was prohibited; and that the trial judge failed to supply a written statement of the evidence relied upon and the reason for his decision are without merit. The issue of whether the videotape of appellant was admissible in evidence is procedurally barred from review, because no objection was made to its admission in the trial court.
The judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.